David WIGLEY (1984 Ford Bronco Truck), Appellant,

v.

The STATE of Texas, Appellee.

No. 04–84–00367–CV.

Court of Appeals of Texas, San Antonio.

Jan. 15, 1986.

Martin Underwood and Arvel R. Ponton, III, Comstock, for appellant.

Edward Sargologos, Dist. Atty's. Office, San Antonio, for appellee.

Before ESQUIVEL, CANTU and DIAL, JJ.

## OPINION

DIAL, Justice.

Appellant, the owner of a 1984 Ford Bronco truck, appeals the judgment of the trial court forfeiting the truck to the State of Texas pursuant to TEX.REV.CIV.STAT. ANN. art. 4476–15, § 5.03(a)(5) (Vernon Supp.1986) following a jury trial.

Appellant was the subject of a narcotics investigation by the Texas Department of Public Safety. Undercover agent John Lubbock met with appellant to discuss and eventually conclude a sale of cocaine by appellant. The State seized appellant's truck and instituted this forfeiture proceeding. Appellant brings this appeal, alleging there is no evidence the truck was used to transport or facilitate the transportation of cocaine, no evidence the substance seized cocaine because a chemical analysis report of the substance is hearsay, and that evidence of extraneous offenses was wrongfully allowed into evidence.

We affirm the judgment of the trial court.

Appellant complains there is no evidence the truck was used to transport or facilitate the transportation of cocaine. He contends TEX.REV.CIV.STAT.ANN. art. 4476–15, § 5.03(a)(5) (Vernon Supp.1986) (the forfeiture statute) requires the State to plead and prove that the owner of such vehicle knowingly used the vehicle to transport or to facilitate the transportation of a controlled substance.

In reviewing a no evidence point, we examine only the evidence and inferences which tend to support the jury's findings and disregard all evidence and inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965); *Aetna Casualty & Surety Co. v. Martin Surgical Supply Co.*, 689 S.W.2d 263, 273 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). In order to preserve a legal sufficiency question for appellate review of a jury trial, the appellant must urge at the trial court level either a motion for instructed verdict; an objection to the submission of a vital fact issue; a motion to disregard a jury finding; a motion for judgment non obstante veredicto; or a motion for new trial. *Rosas v. Shafer*, 415 S.W.2d 889, 889–90 (Tex.1967); *Reed v. Israel National Oil Co.*, 681 S.W.2d 228, 233 (Tex.App.—Houston [1st Dist.] 1984, no writ); *see Illey v. Hatley*, 693 S.W.2d 506, 512 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.). Appellant has failed to preserve appellate review of his no evidence argument.

■ We have, however, reviewed the evidence and considered appellant's claim. The forfeiture statute was amended effective August 29, 1983, to expand the circumstances under which forfeiture is available.[1] *State v. One 1980 Pontiac, VIN # 2D19SAP21357*, 695 S.W.2d 821, 822–23 (Tex.App.—Fort Worth 1985, no writ). The statute now provides that the vehicle may be forfeited if it "is used or intended for use to transport *or* in any manner facilitate the transportation, *sale, receipt, possession, concealment, or delivery* of" a controlled substance. (Emphasis added). The jury found the truck was used or intended for use to transport or facilitate the transportation, sale, receipt, possession, concealment, or delivery of cocaine. The State has the burden to prove, by a preponderance of the evidence, that the property is subject to forfeiture. TEX.REV.CIV.STATE.ANN. art. 4476–15, § 5.07(b) (Vernon Supp.1986). There is evidence to show appellant used the vehicle to go to the Rodeway Inn on February 17 with a sample of cocaine and to go to the La Quinta Inn on February 19 to conduct a sale of cocaine. Appellant was seen driving the truck to these locations where he met with undercover agents to discuss the details for a sale of cocaine which was completed on February 19 at the La Quinta. There is, therefore, evidence to support the jury verdict.

Appellant complains of the introduction in evidence of a report made by the Texas Department of Public Safety laboratory in Austin analyzing the substance seized.[2] Lubbock, the undercover agent, testified as to the contents of the report. He stated he delivered the substance to the lab in Austin and later received a certified report from the lab that the substance consisted of 80% cocaine. He also stated he had field-tested the substance, and the result of his test was that the substance was cocaine.

■ TEX.R.EVID. 803(8)(C) provides that records, reports, statements, or data compilations of public offices or agencies setting forth factual findings resulting from an investigation made pursuant to authority granted by law are not excluded by the hearsay rule, even if the declarant is available, unless the source of information or other circumstances indicate a lack of trustworthiness. We are unable to determine whether the trial court erred in receiving the lab report in evidence; the report has not been included in the record on appeal. It is appellant's burden to present a proper record on appeal. *Hydro-Line Manufacturing Co. v. Pulido*, 674 S.W.2d 382, 386 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.); *Elkins v. Auto Recovery Bureau*, 649 S.W.2d 73, 76 (Tex.App.—Dallas 1982, writ ref'd n.r.e.); TEX.R.CIV.P.

---

1. The statute was again amended effective September 1, 1985, but this later amendment has no effect on this case.

2. Appellant argues extensively that the State failed to establish the proper predicate for the business records exception to the hearsay rule.

TEX.REV.CIV.STAT.ANN. art. 3737e, § 5 (Vernon Supp.1986) was repealed insofar as civil causes are concerned effective September 1, 1983, and can now be found at TEX.R.EVID. 902(10). The State concedes it did not attempt to come under the business records exception.

413. In the absence of a proper record, we must affirm the judgment of the trial court.

Furthermore, the undercover agent testified that he had field-tested the substance, and the result confirmed it was cocaine. Any error in admitting the lab report in evidence is rendered harmless by the agent's testimony of his findings.

 Appellant complains of several instances in which the trial court admitted evidence of extraneous offenses. We will consider only the ones to which a proper objection was made. Appellate review of the statements for which appellant made no objection is waived. *Nichols v. William A. Taylor, Inc.*, 662 S.W.2d 396, 400 (Tex. App.—Corpus Christi 1983, no writ); *Line Enterprises, Inc. v. Hooks & Matteson Enterprise, Inc.*, 659 S.W.2d 113, 118 (Tex. App.—Amarillo 1983, no writ).

 Appellant complains of the question addressed to an informant of whether she had been charged with delivery of a controlled substance. The question was asked by appellant's attorney and presents nothing for review.

 Appellant complains of the testimony by undercover agent Lubbock that appellant had been trafficking in cocaine for about twenty years and was a known source of cocaine. Appellant's objection was overruled, and the jury was instructed to disregard the statement. In light of the trial court's instruction, we find no reversible error.

 Appellant next complains of Lubbock's testimony that appellant told him 2.2 pounds of cocaine would be arriving from New York in a week. We find the statement is not evidence of an extraneous offense nor was it such as to be clearly calculated to inflame the minds of the jury. *See Pinkston v. State*, 681 S.W.2d 893, 899 (Tex.App.—Fort Worth 1984, pet. ref'd). Further, the question is relevant to establish the fact of a cocaine sale being made. *See Albrecht v. State*, 486 S.W.2d 97, 99, 100 (Tex.Crim.App.1972); *Hernandez v. State*, 484 S.W.2d 754, 755 (Tex.Crim.App.

1972). The trial court did not abuse its discretion in overruling appellant's objection.

 Appellant argues the court erred in overruling his objection to the State's question to Lubbock of whether any additional cocaine was provided. The question was never answered. We find no harm.

 Appellant complains of the informant's testimony that a friend of hers called Wigley and met him to pick up a pound of marihuana in 1980. Appellant objected that the line of questioning was irrelevant to the issue involved. The trial court erred in overruling the objection. However, because we find the evidence sufficient to support the jury's verdict, we do not believe the error demands reversal. *See Aultman v. Dallas Railway & Terminal Co.*, 152 Tex. 509, 260 S.W.2d 596, 600 (1953); TEX.R.CIV.P. 434.

Appellant's points of error are overruled and the judgment of the trial court is affirmed.