**Alvino M. FLORES, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–87–290–CR.**

Court of Appeals of Texas,
Corpus Christi.

June 30, 1988.

J.A. Canales, Canales & Garza, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, David Jordan, Asst. Dist. Atty., Kingsville, for appellee.

Before NYE, C.J., and BENAVIDES and DORSEY, JJ.

## OPINION

BENAVIDES, Justice.

This is an appeal from a conviction for the unlawful delivery of marihuana, in an amount of more than 200 pounds, but less than 2,000 pounds. The court found appellant guilty and assessed punishment at ten years confinement in the Texas Department of Corrections.

Appellant asserts one point of error by which he challenges the sufficiency of the evidence. We reverse the judgment of the trial court and remand for an entry of acquittal.

■ The standard for review of the sufficiency of the evidence, whether circumstantial or direct, is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Johnson v. State*, 673 S.W.2d 190, 195 (Tex.Crim.App.1984); *Wilson v. State*, 654 S.W.2d 465, 471 (Tex.Crim.App.1983). We must look to all the evidence in the light most favorable to the verdict or judgment. *Houston v. State*, 663 S.W.2d 455 (Tex.Crim.App.1984).

The facts of the instant case are basically uncontroverted. On March 12, 1987, Joe Ballesteros, an undercover narcotics agent, received a phone call from a Robert Garza. Garza had made arrangements to meet Ballesteros in the parking lot of a gas station located in Kingsville, Texas for the purpose of selling Ballesteros approximately 200 pounds of marihuana. Ballesteros and another agent, Luis Laurel, drove to Kingsville and met with Garza at the gas station. Shortly thereafter, Garza accompanied the agents to a hotel room, where the agents showed Garza $130,000 in cash. A few minutes later, appellant and Patrick Geary arrived at the hotel. The agents showed appellant the money and, according to Ballesteros, appellant then directed Geary to make a phone call to "call the load in."

A short time later, Gumecindo De La Rosa, driving a brown Oldsmobile, drove into the hotel parking lot where he was met by Laurel and Garza. Ballesteros and appellant remained inside the room where they had a clear view of the parking lot.

The evidence shows that De La Rosa opened the trunk of the brown car and showed Laurel the contraband. At that point, Laurel signaled to Ballesteros to arrest the appellant. The appellant was later indicted for knowingly and intentionally making an *"actual transfer of marihuana to Joe G. Ballesteros ..."* (Emphasis added).

On appeal appellant contends there was insufficient evidence to prove that an actual transfer occurred, or that there was an actual transfer between the appellant and Ballesteros.

■ Initially, we must determine whether the evidence establishes an actual transfer as alleged in the indictment. Under the Controlled Substances Act, delivery of a controlled substance can be achieved in three ways: actual transfer, constructive transfer, and offer to sell. *Conaway v. State*, 738 S.W.2d 692, 694 (Tex.Crim.App. 1987); *Jimenez v. State*, 739 S.W.2d 499, 501 (Tex.App.—Corpus Christi 1987, pet. ref'd); Tex.Rev.Civ.Stat.Ann. art. 4476–15, § 1.02(7) (Vernon Supp.1988).

■ Since the State chose to allege only actual transfer, it was bound to prove that method of delivery beyond a reasonable doubt. *Davila v. State*, 664 S.W.2d 722, 724 (Tex.Crim.App.1984).

The State, citing Tex.Penal Code Ann. § 7.01 (Vernon 1974), argues it met its burden since the evidence shows that De La Rosa actually transferred the marihuana to agent Laurel, and the appellant was criminally liable as a party to the offense. While we agree that the appellant could be liable as a party to an offense committed by De La Rosa, we find that there is insufficient evidence that De La Rosa made an actual transfer. *See Daniels v. State*, 754 S.W.2d 214 (Tex.Crim.App.1988); *Conaway*, 738 S.W.2d at 695. Rather, the evidence in the instant case establishes that delivery of the contraband was achieved by a constructive transfer.

The Court of Criminal Appeals in *Conaway*, 738 S.W.2d at 695, defined actual transfer as a transfer of real possession and control of a controlled substance from one person to another. Constructive transfer has been defined as all those acts which, although not truly conferring a real possession of the thing, have been held equivalent to acts of real delivery. *See Daniels*, at 220.

The State argues that since the marihuana weighed over 200 pounds and the brown car was later impounded, there was an actual transfer. We disagree.

Prior to the arrest, there was no relinquishment or transfer of possession or control to either Agent Laurel or Agent Ballesteros. Although Laurel testified the marihuana was displayed to him, the contraband at all times remained in the trunk of the brown car. Laurel never removed the marihuana and no money had been exchanged; therefore, Laurel never had real possession or control over it.

This Court has previously held that a constructive transfer exists where the parties have taken all steps necessary to place the goods at the disposal of the transferee, but due to the *nature of the goods* an *actual manual* delivery is impractical under the circumstances. *Torres v. State*, 667 S.W.2d 190, 194 (Tex.App.—Corpus Christi 1983), *rev'd on other grounds*, 698 S.W.2d 677 (Tex.Crim.App.1985).

Secondly, we find there was insufficient evidence to establish an actual transfer between appellant and the investigator as specified in the indictment.

The evidence adduced at trial reflects that appellant and Ballesteros were in the hotel room the entire time, and that Laurel, not Ballesteros, was shown the marihuana. There was no evidence that, prior to the arrest, Ballesteros had even seen the contraband.

Failure to prove that the individual, identified in the indictment as the recipient to an *actual delivery*, received the contraband is fatal to the State's case. *Cf. Westfall v. State*, 663 S.W.2d 664, 668 (Tex.App.—Corpus Christi 1983, pet. ref'd.). The State failed to prove an actual transfer of marihuana to Ballesteros as alleged in the indictment. We sustain appellant's point of error.

Finding the evidence insufficient to sustain the conviction, we reverse the judgment, and remand the cause to the trial court for entry of an acquittal.