**Jesus Garcia PENA, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 13–88–398–CR.**

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 1989.

Rehearing Denied Oct. 5, 1989.

---

OPINION

UTTER, Justice.

A jury found Jesus Garcia Pena, appellant, guilty of delivery of marihuana and assessed punishment at twenty years' confinement and a $10,000.00 fine. We affirm the judgment of the trial court.

By his first through eighth points of error, appellant contends the evidence is insufficient to sustain his conviction because it fails to show that he either constructively delivered or offered to sell marihuana to Joe Howell as alleged in the indictment. Appellant argues that although the evidence supports a theory of actual delivery, it does not support a theory of either constructive delivery or an offer to sell. Appellant further argues that the alleged offer to sell was not independently corroborated by a person other than the offeree or other evidence as required by Tex.Rev.Civ.Stat.Ann. art. 4476–15, § 1.02(7) (Vernon Supp.1989). Appellant lastly contends that he was denied his federal and state constitutional rights to due process because he was convicted on a theory of actual delivery which was neither alleged in the indictment nor inserted in the charge to the jury.

In reviewing the sufficiency of the evidence, an appellate court looks at all the evidence in the light most favorable to the verdict or judgment to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989); *Houston v. State*, 663 S.W.2d 455, 456 (Tex.Crim.App.1984). The court may charge the jury on the different ways of committing the same offense as alleged in the indictment, and where a general verdict is returned, the verdict or judgment will be upheld if there is sufficient evidence to support a finding under any of the counts submitted. *Aguirre v. State*, 732 S.W.2d 320, 326 (Tex.Crim.App.1987); *Tapley v. State*, 673 S.W.2d 284, 289 (Tex.App.—San Antonio 1984, pet. ref'd).

The record reflects that Police Officer Joe Howell was working undercover as a

Joseph A. Connors, III, Dorina Ramos, McAllen, for appellant.

Jim Mapel, Dist. Atty., Angleton, for appellee.

Before UTTER, SEERDEN, and BENAVIDES, JJ.

trafficker in narcotics and that Police Officer Mike Berry was working undercover as the source of Officer Howell's money or as a buyer. On December 5, 1985, appellant called Officer Howell on the telephone and informed him that he had sixty to seventy pounds of marihuana for sale. Officer Howell called appellant back the next day and told appellant that he would have the money ready by December 9, 1985, and that he wanted one hundred pounds if appellant could get it. Appellant informed him that he would have to check, but that he only had forty-four pounds at $500.00 a pound at that time. Officer Howell responded that "if you can't get me the whole 100, then get me all the [marihuana] you can and get me some cocaine to go with it." Appellant stated that he would get Officer Howell all the marihuana that he could.

On December 9, 1985, Officer Howell went to appellant's home, discussed the marihuana transaction with appellant, and inspected a one pound sample baggie of marihuana. Appellant again stated he only had forty-four pounds of marihuana at that time and that Officer Howell could buy them for $500.00 a pound. Officer Howell, appellant, and a third person, Arturo Rivera, thereafter drove to a nearby convenience store where Officer Berry was waiting with the money ($50,000.00) for the marihuana. Rivera then went into the store and purchased some trash bags.

The plan was that appellant and Rivera would take Officer Howell's car to the ranch where the marihuana was located, load it, and return to a nearby Park and Ride where they would exchange the money and the vehicle. Officers Howell and Berry met appellant at the Park and Ride approximately one hour later. Appellant returned the car keys to Officer Howell, informed him there were forty-four pounds of marihuana in the trunk of the car, and stated that was all the marihuana he could get. Officer Howell opened the trunk, observed two large garbage bags, and then opened one of the garbage bags revealing numerous one pound size ziplock baggies filled with what appeared to be marihuana. However, no money ever exchanged hands because Officer Berry then gave a pre-arranged "bust signal" and everyone was arrested. The bags were later determined to contain 45.615 pounds of marihuana.

Under the Controlled Substances Act, delivery of a substance can be achieved in three ways: actual transfer, constructive transfer, and an offer to sell. *Conaway v. State*, 738 S.W.2d 692, 694 (Tex.Crim.App. 1987); *Jimenez v. State*, 739 S.W.2d 499, 501 (Tex.App.—Corpus Christi 1987, pet. ref'd), *cert. denied*, —— U.S. ——, 109 S.Ct. 101, 102 L.Ed.2d 76 (1988); Tex.Rev.Civ. Stat.Ann. art. 4476–15, § 1.02(7) (Vernon Supp.1989). Actual transfer has been defined as a transfer of real possession and control of a controlled substance from one person to another. Constructive transfer has been defined as all of those acts which, although not truly conferring a real possession of the controlled substance, have been held by construction of law to be equivalent to acts of real delivery. *Daniels v. State*, 754 S.W.2d 214, 220 (Tex.Crim.App. 1988); *Flores v. State*, 754 S.W.2d 419, 421 (Tex.App.—Corpus Christi 1988, no pet.). When delivery is by an offer to sell, no transfer need take place and the offense is complete when a person offers to sell what he states is a controlled substance. *Stewart v. State*, 718 S.W.2d 286, 288 (Tex. Crim.App.1988). However, proof of an offer to sell must be corroborated by a person other than the offeree or by evidence other than a statement of the offeree. *Sheffield v. State*, 623 S.W.2d 403, 405 (Tex.Crim.App.1981); *Douglas v. State*, 688 S.W.2d 687, 688 (Tex.App.—Texarkana 1985, pet. ref'd); Tex.Rev.Civ.Stat.Ann. art. 4476–15, § 1.02(7) (Vernon Supp.1989).

After carefully reviewing the evidence, we hold that there is sufficient evidence to sustain appellant's conviction under either the theory of constructive delivery or as an offer to sell. The evidence reflects that appellant constructively transferred the marihuana to Officer Howell when appellant took Officer Howell's vehicle, loaded the trunk with marihuana and returned the keys to Officer Howell. *See Queen v. State*, 662 S.W.2d 338, 341 (Tex. Crim.App.1983); *Flores*, 754 S.W.2d at 421;

*Johnson v. State,* 737 S.W.2d 923, 925–26 (Tex.App.—Beaumont 1987, no pet.). The evidence also reflects that appellant offered to sell marihuana to Officer Howell and that appellant's offer was corroborated by appellant's actual possession and attempted delivery of marihuana in an amount approximately equal to the amount appellant offered to sell Officer Howell. *Douglas,* 688 S.W.2d at 688; *Garber v. State,* 671 S.W.2d 94, 98 (Tex.App.—El Paso 1984, no pet.). In addition, we find that appellant's offer was further corroborated by Officer Berry's testimony that he was the "money man" and that when appellant, Rivera and Officer Howell approached him at the convenience store, Pena informed him that "he had forty-four pounds of good quality smoke and that there were 25 still remaining at the house." Although Officer Berry admitted on cross-examination that he may have been a "buyer," the record reveals that the offer was actually made to Officer Howell, that the terms of the offer were negotiated between appellant and Officer Howell, and that Officer Berry was not present when those events occurred. We hold, therefore, that Officer Berry was not an "offeree" as contemplated by Tex.Rev.Civ.Stat.Ann. art. 4476–15, § 1.02(7) (Vernon Supp.1989). *See Stewart,* 718 S.W.2d at 289; *Taylor v. State,* 674 S.W.2d 323, 331–32 (Tex.App.—Waco 1983; pet. dism'd). We overrule appellant's first through eighth points of error.

■ By his ninth point of error, appellant contends the trial court erred in denying his request for a mistrial. Appellant complains that Officer Howell should not have been permitted to testify about an uncharged offense concerning a meeting he had with appellant at appellant's residence approximately eight months prior to this present offense and a $1,000.00 payment to appellant for two pounds of marihuana. The record reflects that during Officer Howell's re-direct examination, the following colloquy occurred:

Q: Sgt. Howell, back in the early part of December, who contacted who first wanting to do business?

A: Mr. Pena paged me.
Q: He got in touch with you?
A: Yes, sir.
Q: He wanted to do business?
A: Yes, sir.
Q: How was it that you met Mr. Pena? Did you meet him prior to your December meeting?
A: Yes, sir. I had met him eight months prior.
Q: How did you meet him?
A: At his residence. At that time, was paying him $1,000.00 for two pounds of marihuana.

The record further reflects that appellant's counsel thereafter objected to the above line of questioning. The trial court sustained the objection, instructed the jury to disregard any accusations or allegations about any prior improper conduct by appellant, but overruled appellant's motion for a mistrial.

Not every improper response requires reversal and, except in extreme cases, if a timely objection to the remark is sustained, and the trial court instructs the jury to disregard, the error is cured. *Rougeau v. State,* 738 S.W.2d 651, 666–67 (Tex.Crim. App.1987), *cert. denied,* — U.S. —, 108 S.Ct. 1586, 99 L.Ed.2d 901 (1988); *Barney v. State,* 698 S.W.2d 114, 125 (Tex.Crim. App.1985). We find no reversible error under the facts of this case. *Wigley v. State,* 705 S.W.2d 264, 267 (Tex.App.—San Antonio 1986, no pet.); *Pinkston v. State,* 681 S.W.2d 893, 899 (Tex.App.—Fort Worth 1984, pet. ref'd). We overrule appellant's ninth point of error.

■ By his tenth and eleventh points of error, appellant contends he was denied effective assistance of counsel under the Sixth and Fourteenth Amendments of the United States Constitution. Appellant complains that trial counsel failed to object during the punishment stage of the trial to the introduction of State's exhibit ten, an order placing appellant on deferred adjudication probation for an unrelated offense, and to Barbara Bible's testimony concerning her supervision of appellant while he was on deferred adjudication probation. Appellant argues that the order was void

because it was based on a general statute, Tex.Code Crim.Proc.Ann. art. 42.12, § 3d (Vernon Supp.1989), instead of a special statute, Tex.Rev.Civ.Stat.Ann. art. 4476–15, § 4.12 (Vernon Supp.1989), and that the evidence relating to the order, therefore, should not have been considered by the jury in assessing punishment.

The standard for determining the ineffectiveness of counsel is whether counsel's representation fell so far below an objective standard of reasonableness that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 669, 104 S.Ct. 2052, 2055, 80 L.Ed.2d 674 (1984); *Hernandez v. State,* 726 S.W.2d 53, 56–57 (Tex.Crim.App.1986). The adequacy of trial counsel's assistance must be gauged by the totality of the representation, and there is a strong presumption that counsel has rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Strickland,* 466 U.S. at 669, 104 S.Ct. at 2055. Effective assistance of counsel does not mean errorless counsel whose competency is to be judged by hindsight, and isolated failures to object to certain procedural mistakes or evidence do not constitute ineffective assistance of counsel. *Moore v. State,* 700 S.W.2d 193, 205 (Tex. Crim.App.1985), *cert. denied,* 474 U.S. 1113, 106 S.Ct. 1167, 89 L.Ed.2d 289 (1986); *Ingham v. State,* 679 S.W.2d 503, 509 (Tex. Crim.App.1984); *Romo v. State,* 631 S.W.2d 504, 507 (Tex.Crim.App.1982).

We hold that appellant received reasonably effective assistance of counsel. First, an order of deferred adjudication is admissible at the punishment stage of trial. *Brown v. State,* 716 S.W.2d 939, 948–50 (Tex.Crim.App.1986); Tex.Code Crim.Proc. Ann. art. 37.07, § 3(a) (Vernon Supp.1989). Second, the alleged error in the order of deferred adjudication is not fundamental in nature, and the only type of error that may be collaterally attacked is one that would render the order absolutely void. *Ex parte Shields,* 550 S.W.2d 670, 675–76 (Tex.Crim. App.1977); *Trcka v. State,* 744 S.W.2d 677, 680 (Tex.App.—Austin 1988, pet. ref'd).

Therefore, the order of deferred adjudication and related testimony were properly admitted, and trial counsel did not err in failing to object to its admission. We overrule appellant's tenth and eleventh points of error.

We affirm the judgment of the trial court.