Juan **GONZALEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–91–550–CR.

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 1992.

S. Reese Rozzell, Rockport, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, John Gilmore, Asst. Dist. Atty., Portland, for the State.

Before NYE, C.J., and DORSEY and GILBERTO HINOJOSA, JJ.

## OPINION

NYE, Chief Justice.

In a bench trial, the trial court found appellant guilty of unlawful delivery of cocaine and sentenced him to five years' imprisonment. By two points of error, appellant complains that the evidence was insufficient to convict him of the charge. We affirm the trial court's judgment.

Jim Dickson, a field supervisor with Tri–County Narcotics, was working as an undercover narcotics investigator. A confidential informant telephoned Dickson and advised him that he was with an Hispanic male who was offering to get him some cocaine. Dickson drove to a location on Ocean Drive and picked up the informant, appellant, and an unidentified female. Appellant gave Dickson directions to a shop near Josephine Street and Leopard. Upon arrival at their destination, appellant left the vehicle while the others remained in Dickson's truck. After a short time he returned and told Dickson that no cocaine was available at that location. However, appellant stated that he knew of another place. They proceeded to that location. On the way, appellant saw a young man whom he knew riding a bicycle, and appellant flagged him down. Appellant asked the young man, later identified as Maldonado, where he could get an "eight ball" (an eighth of an ounce) of cocaine. Maldonado claimed to know where to get some cocaine, but he demanded $160 up front. Dickson refused to pay in advance even though both Maldonado and appellant re-

peatedly assured him that Maldonado would not "rip [him] off." Eventually Maldonado told Dickson to follow him down the street and Maldonado would get him the cocaine. Dickson testified that when he again refused to give Maldonado any money up front, "they went into the corner house, seconds later came out, [and] handed me a large tin foil packet." When he took possession of the packet, Dickson gave a prearranged bust signal. The officers following him advanced and arrested appellant and Maldonado. The packet was turned over to a Department of Public Safety chemist who determined that it contained cocaine. The trial court took the case under advisement and later found appellant guilty of delivery.

We address appellant's two points of error together because they are closely related. Appellant claims the evidence is insufficient to sustain his conviction for the actual transfer of less than twenty-eight ounces of cocaine under the law of parties. By point two, he claims that he cannot be convicted under the law of parties because the evidence does not show that Maldonado made an actual delivery of cocaine. By point one, he contends that his involvement was simply too meager to support his conviction under the law of parties because he did not: 1) negotiate the price, 2) actually hand the cocaine to the officer, 3) demand or receive any money, or 4) provide transportation or directions to the place of sale. He argues the evidence shows nothing more than his mere presence at the scene of the transaction. We disagree with both of appellant's contentions.

■ Actual delivery occurs when there is a complete transfer of the real possession and control of a controlled substance from one person to another. *Conaway v. State*, 738 S.W.2d 692, 695 (Tex.Crim.App. 1987); *see also Williams v. State*, 783 S.W.2d 301, 302 (Tex.App.—Corpus Christi 1989, no pet.); *Flores v. State*, 754 S.W.2d 419, 421 (Tex.App.—Corpus Christi 1988, no pet.). Here, the state's indictment alleged that appellant "did knowingly or intentionally make an actual transfer or a

constructive transfer of cocaine ... to Jim Dickson...." At trial, the state urged the application of the law of parties.[1]

■ The Texas Penal Code states that a party may be criminally responsible for an offense committed by another if "acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." TEX.PENAL CODE ANN. § 7.01(a), 7.02(a)(2) (Vernon 1974). Thus, the trial court could convict appellant of actual delivery under the law of parties if sufficient evidence showed that Maldonado committed the offense and appellant solicited, encouraged, directed, or aided Maldonado in the commission of the offense. *Jimenez v. State*, 739 S.W.2d 499, 502 (Tex.App.—Corpus Christi 1987, pet. ref'd), *cert. denied*, 488 U.S. 837, 109 S.Ct. 101, 102 L.Ed.2d 76 (1988); *Lacy v. State*, 782 S.W.2d 556, 558 (Tex.App.—Houston [14th Dist.] 1989, no pet.). We review the entire record, examining the facts in the light most favorable to the judgment to determine whether any rational trier of fact could have found all the elements of the crime beyond a reasonable doubt. *Flores*, 754 S.W.2d at 420. We are also entitled to look to the events that occurred before, during and after the commission of the offense. *Thompson v. State*, 697 S.W.2d 413, 417 (Tex.Crim.App. 1985); *Jimenez*, 739 S.W.2d at 502.

■ The evidence shows that Maldonado actually delivered cocaine to Dickson. Dickson testified that Maldonado directly handed him a large tin foil packet. Dickson paid Maldonado for the packet. The packet contained cocaine. Appellant instigated the transaction between Dickson and Maldonado. He flagged Maldonado down on the street, soliciting Maldonado's participation by asking Maldonado where he could purchase cocaine. He suggested that Dickson buy cocaine from Maldonado. He further aided and encouraged the delivery by joining Maldonado in demanding that Dickson pay for the cocaine in advance.

---

1. It is unnecessary to specifically allege in the indictment that an accused is being charged as a party. *Jimenez v. State*, 739 S.W.2d 499, 502 (Tex.App.—Corpus Christi 1987, pet. ref'd), *cert. denied*, 488 U.S. 837, 109 S.Ct. 101, 102 L.Ed.2d 76 (1988).

Appellant assured Dickson that Maldonado would not rip him off. Viewing all of the evidence in the light most favorable to the verdict, and drawing all inferences in support thereof, the trier of fact could have rationally concluded that appellant was more than a bystander in the transaction and that he aided Maldonado in committing the offense of delivery of cocaine to Dickson. *Flores,* 754 S.W.2d at 420; *Jimenez,* 739 S.W.2d at 502. The evidence supports appellant's conviction of actual delivery under the law of parties. We overrule points one and two.

The trial court's judgment is affirmed.