

**NUMBER 13-12-00464-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI – EDINBURG**

---

**JIMMY RAY AKINS**
**A/K/A JIMMY AKINS,**                                                                        **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                        **Appellee.**

---

**On appeal from the 415th District Court
of Parker County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion by Chief Justice Valdez**

By three issues, appellant, Jimmy Ray Akins a/k/a Jimmy Akins, challenges his conviction for delivery of a controlled substance, methamphetamine. TEX HEALTH & SAFETY CODE ANN. § 481.112(a) (West 2010). Appellant contends that the evidence was legally insufficient to support his conviction, and that the trial court erred by denying

his motion to dismiss because the prosecutor made prejudicial comments during closing arguments. We affirm.[1]

## I. BACKGROUND

Undercover police officer Christopher Negrete arranged to purchase one gram of methamphetamine from Kathryn Robinson at her residence. Upon arriving at this residence, Officer Negrete entered Robinson's bedroom where he found Robinson, who was sitting on the bed, another unidentified female, and appellant. The officer sat next to Robinson, who then handed him a small baggie of methamphetamine. Officer Negrete asked Robinson if the baggie "weighed out" to the previously agreed amount of one gram.

Robinson then retrieved a digital scale from her nightstand and repeatedly tried to get an accurate reading on the weight of the baggie. Robinson was unable to get the scale to function property on an adjacent table. At this point, appellant leaned over, grabbed the baggie of methamphetamine off of the scale, and stated that the digital scale "had to be on a flat surface." Appellant then proceeded to place the baggie back on the scale in an attempt to get an accurate reading.

Appellant, who was previously unknown to the officer, was able to get a reading of 1.3 grams on the scale. Robinson then grabbed the baggie of methamphetamine and handed it directly to Officer Negrete. Officer Negrete testified that appellant both "aided" and "assisted" Robinson "in this drug transaction." Officer Negrete then handed Robinson the agreed upon amount of $100 for the drugs and left the residence. The baggie was later found to contain .86 grams of methamphetamine. Appellant was

---

[1] This case is before this Court on transfer from the Second Court of Appeals in Fort Worth pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

indicted for delivery of a controlled substance. TEX HEALTH & SAFETY CODE ANN. § 481.112(a). The case went to trial and a jury found appellant guilty of the offense and, after a punishment phase, assessed his punishment at fifteen years' imprisonment and an $8,000 fine. Appellant now appeals the conviction.

## II.    LEGAL SUFFICIENCY

By his first issue, appellant contends that there was insufficient evidence to support his conviction as a party to the charged offense. Appellant argues that the trial court, therefore, erred by failing to grant a directed verdict of acquittal.

### A. Standard of Review

"When reviewing a case for legal sufficiency, we view all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Winfrey v. State*, 323 S.W.3d 875, 878–79 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Accordingly, "we 'determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict.'" *Id.* at 879 (quoting *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (citing *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007)). "It has been said quite appropriately, that '[t]he appellate scales are supposed to be weighted in favor of upholding a trial court's judgment of conviction, and this weighting includes, for example, the highly deferential standard of review for legal-sufficiency claims.'" *Id.* (quoting *Haynes v. State*, 273 S.W.3d 183, 195 (Tex. Crim. App. 2008) (Keller J., dissenting) (citing *Jackson*, 443 U.S. at 319)). "We must therefore determine whether the evidence presented to the jury, viewed in the light most favorable to the verdict, proves beyond a reasonable doubt that appellant"

committed the crime for which the jury found him guilty. *Id.* "It is the obligation and responsibility of appellate courts 'to ensure that the evidence presented actually supports a conclusion that the defendant committed the crime that was charged.'" *Id.* at 882 (quoting *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007)).

We measure the sufficiency of the evidence by the elements of the offense as defined by the hypothetically correct jury charge. *Coleman v. State*, 131 S.W.3d 303, 314 (Tex. App.—Corpus Christi 2004, pet. ref'd) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Malik*, 953 S.W.2d at 240.

Additionally, in our analysis of the verdict, we recognize that the jury is the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. *Ozuna v. State*, 199 S.W.3d 601, 610 (Tex. App.—Corpus Christi 2006, no pet.). The jury may accept or reject all or part of the evidence. *Id.* The jury may also draw reasonable inferences and make reasonable deductions from the evidence. *Id.*

**B. Applicable Law**

The offense of delivery of a controlled substance is defined as follows: "Except as authorized by this chapter, a person commits an offense if the person knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance listed in Penalty Group 1. TEX. HEALTH & SAFETY CODE ANN. § 481.112(a).

"In order to prove that an accused acted as a party to the offense, the State must prove that the accused acted with intent to promote or assist in the commission of

4

the offense by soliciting, encouraging, directing, aiding, or attempting to aid the other person in its commission. TEX. PENAL CODE ANN. § 7.02(a)(2) (West 2011); *Martin v. State*, 753 S.W.2d 384, 387 (Tex. Crim. App. 1988). The law of parties applies to a prosecution for delivery of a controlled substance. *See Boyer v. State*, 801 S.W.2d 897, 899 (Tex. Crim. App. 1991) (concluding that law of parties applies when two of the three parties are an informant and police officer); *Gonzalez v. State*, 838 S.W.2d 770, 771 (Tex. App.—Corpus Christi 1992, no pet.); *Robinson v. State*, 815 S.W.2d 361, 363 (Tex. App.—Austin 1991, writ ref'd).

Evidence is sufficient to convict under the law of parties where the defendant is physically present at the commission of the offense and encourages its commission by words or other agreement. *Cordova v. State*, 698 S.W.2d 107, 111 (Tex. Crim. App. 1985). "In determining whether the accused participated as a party, the court may look to events occurring before, during, and after the commission of the offense, and may rely on actions of the defendant which show an understanding and common design to do the prohibited act." *Id.* Further, circumstantial evidence may be used to prove party status. *Id.*

### C. Discussion

As previously outlined, the State's evidence at trial indicated that appellant did not directly transfer the methamphetamine to the officer. However, a person is criminally responsible for an offense committed by another if, acting with intent to promote or assist in the commission of the offense, he encourages, aids, or attempts to aid the other person to commit the offense. TEX. PENAL CODE ANN. § 7.02(a)(2); *Martin*, 753 S.W.2d at 387. Evidence of mere presence or encouragement is sufficient to prove that a defendant is a party to a transaction. *See Cordova*, 698 S.W.2d at 111. In this

5

case, appellant was not only present but physically handled and helped weigh the drugs in question. Appellant, in his brief, argues that the State failed to present evidence that he knew that the contraband that he witnessed the transfer of and helped weigh was illegal. However, the jury was entitled to rely on circumstantial evidence of the defendant's actions and the events occurring before, during, and after, the transaction in its determination. *See id.* From the evidence, it is clear that the drugs were in plain sight and in fact physically handled by appellant and that appellant was aware of the transaction. This was sufficient evidence for the jury to determine that he was a party to the delivery of methamphetamine, and we cannot replace its judgment with our own. *See id.*; *see also Ozuna*, 199 S.W.3d at 610.

We overrule appellant's first issue.

### III. IMPROPER ARGUMENT

In his second and third issues, appellant contends that the trial court erred by denying his two motions for mistrial made after the trial court sustained objections to comments made by the prosecutor during closing argument. Assuming without deciding that errors occurred, we find that they were cured by the trial court's instructions to disregard.

### A. Applicable Law

We review the determination of whether the trial court erred by denying appellant's motion for a mistrial using an abuse of discretion standard. *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999).

The approved general areas of jury argument are: (1) summation of the evidence, (2) reasonable deductions from the evidence, (3) answer to argument of opposing counsel, and (4) plea for law enforcement. *Hathorn v. State*, 848 S.W.2d 101,

6

117 (Tex. Crim. App. 1992).  Neither the trial judge nor the prosecutor can comment on the failure of an accused to testify.  Such a comment violates the privilege against self-incrimination and the freedom from being compelled to testify contained in the Fifth Amendment of the United States Constitution and Article I, section 10, of the Texas Constitution.  *Bustamante v. State*, 48 S.W.3d 761, 767 (Tex. Crim. App. 2001).  However, a mistrial is not warranted if "the language might be construed as an implied or indirect allusion" to the defendant's failure to testify.  *Id.*

However, even when an argument exceeds the permissible bounds of these approved areas, such will not constitute reversible error unless, in light of the record as a whole, the argument is extreme or manifestly improper, violative of a mandatory statute, or injects new facts harmful to the accused into the trial proceeding." *Todd v. State*, 598 S.W.2d 286, 296–97 (Tex. Crim. App. 1980).  "The remarks must have been a willful and calculated effort on the part of the State to deprive appellant of a fair and impartial trial.  *Cantu v. State*, 939 S.W.2d 627, 633 (Tex. Crim. App. 1997).

In determining whether a mistrial should have been granted for improper jury argument we consider the factors stated by the court of criminal appeals in *Mosely v. State*:  (1) the severity of the misconduct (the magnitude of the prejudicial effect of the prosecutor's remarks), (2) measures adopted to cure the misconduct (the efficacy of any cautionary instruction by the judge), and (3) the certainty of conviction absent the misconduct (the strength of the evidence supporting the conviction).  983 S.W.2d 249, 259 (Tex. Crim. App. 1998).  In most instances, an instruction to disregard the remarks will cure the error.  *Wilkerson v. State,* 881 S.W.2d 321, 324 (Tex. Crim. App. 1994*)* ("[A]n instruction to disregard will cure such error unless the prosecutor's remark was so

7

inflammatory that its prejudicial effect could not reasonably be overcome by such an instruction."); *Cooks v. State*, 844 S.W.2d 697, 727 (Tex. Crim. App. 1992).

### B. Discussion

Appellant first contends that the State made a speculative statement about what a witness might have recounted had she been called, which was not based on evidence in the record. *See Hathorn*, 848 S.W.2d at 117. Appellant complains of the prosecutor's comment during closing arguments regarding Kathryn Robinson, the person who actually transferred the methamphetamine to the officer. The prosecutor stated, "But if they wanted to subpoena Kathryn Robinson, they could do it. Yeah, I was—Kathryn Robinson: I was there, I had a dope deal with Carlos and we did it. That's what you were going to hear because that's what happened." The trial court sustained defense counsel's objection to this comment and issued an instruction to the jury disregard it. Analyzing the *Mosely* factors: (1) if the prosecutor did commit error, it was not overly prejudicial as he merely argued that Robinson's testimony would not contradict evidence already in the record, the testimony of the officer; (2) the trial court issued an instruction to disregard; and (3) the State elicited testimony from the officer involved in the transactions who identified the appellant as being present at the deal and handling the methamphetamine; therefore, the strength of the evidence supporting the conviction was relatively strong. *See Mosley*, 983 S.W.2d at 259. Accordingly, we find the instruction to disregard this comment sufficient to cure error, if any occurred. *Wilkerson,* 881 S.W.2d at 324; *Cooks*, 844 S.W.2d at 727.

Next, appellant contends that the prosecutor made a prejudicial comment on appellant's failure to testify. *See Bustamante*, 48 S.W.3d at 767. During closing arguments, the prosecutor stated "You don't have any evidence, not one single bit of

8

evidence that Jimmy Ray Akins did not pick up the baggy of meth, did not pick it up, place it on the scale…." The trial court sustained defense counsel's objection to this comment, and issued an instruction to the jury to disregard it. Considering that this was at most an indirect comment on appellant's decision to not testify and, therefore was not overly prejudicial, and that the evidence supporting appellant's conviction was relatively strong, we find the instruction to disregard sufficient to cure error, if any occurred. *See Mosley*, 983 S.W.2d at 259; *see also Wilkerson,* 881 S.W.2d at 324; *Cooks*, 844 S.W.2d at 727.

We overrule appellant's second and third issues.

## IV. CONCLUSION

We affirm the trial court's judgment.

_____
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
1st day of August, 2013.