**Lary Joe DOUGLAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–84–068–CR.**

Court of Appeals of Texas, Texarkana.

March 26, 1985.

---

4. See John J. Sampson, "Chapter 14, Conservatorship, Possession and Support of Children."

13 Tex.Tech.L.Rev. 927, 945 (1982).

James E. Davis, Texarkana, Ark., for appellant.

Charles M. Cobb, Charles Bialey, Mount Pleasant, for appellee.

CORNELIUS, Chief Justice.

Lary Joe Douglas was convicted of delivery of a controlled substance by offering to sell methaqualone. Punishment was assessed at seven years in prison and a fine of $3,000.00. On appeal Douglas argues, among other things, that the conviction cannot stand because the offer to sell, as testified to by the law enforcement officers, was not corroborated by additional evidence as is required by Tex.Rev.Civ. Stat.Ann. art. 4476-15, § 1.02(8) (Vernon Supp.1985).

On April 30, 1982, Douglas offered to sell 1,000 methaqualone tablets to undercover officers in Titus County. Douglas met with the officers in a parking lot on that day and actually delivered 1,000 pills which closely resembled methaqualone. He was paid $3,000.00 for the pills. In fact, the pills were not methaqualone or any other controlled substance, but only an antihistamine. In two other cases arising out of different but related events, Douglas was convicted of delivery of methaqualone and delivery of marihuana.

The Texas Controlled Substances Act provides that an offer to sell a controlled substance may constitute delivery of that substance for the purpose of constituting an offense *if* the offer is corroborated by a person other than the offeree, or by evidence other than a statement of the offeree.

■ Because the pills Douglas delivered to the officers in this case contained no controlled substance and because no one other than the undercover officers (who were the offerees) heard the offer to sell, Douglas argues there was no corroboration of the offer. The State counters with the argument that the statutory requirement was met in this case, even though there was no other witness, because the counterfeit pills themselves corroborated the offer to sell methaqualone. The State relies upon *Garber v. State*, 671 S.W.2d 94 (Tex. App.—El Paso 1984, no pet.), in contending that evidence showing that the pills looked like methaqualone, coupled with the actual delivery of pills in the proper amount, sufficiently corroborates the offer to sell. In *Garber* the corroboration requirement was satisfied by proof that the defendant possessed genuine methaqualone pills. Possession of the actual drug at the time and place agreed upon was some corroboration that the defendant had made an offer of sale. But we do not have that situation in this case. Proof that Douglas possessed fake methaqualone pills at the time and place agreed upon corroborates only that he intended to defraud the officers. *See Garber v. State*, supra at 99. While that act could be a criminal offense, it is not delivery of a controlled substance.

The State also relies on photographs of Douglas and testimony by other officers showing him with the undercover officers at the time of the offense, but that evidence proved only that he was present, and did not in any way corroborate the offer of sale.

In view of our disposition of the first ground of error it is not necessary that we consider the other grounds of error. The judgment of the trial court is reversed and the cause is remanded for entry of a judgment of acquittal as required by *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), and *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).