**Romulo INIGUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–91–00478–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

June 25, 1992.

Discretionary Review Refused Nov. 25, 1992.

Tony Aninao, Houston, for appellant.

John B. Holmes, Jr., Alan Curry, Steve Baldassano, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and WILSON and DUNN, JJ.

## OPINION

DUNN, Justice.

A jury convicted appellant, Romulo Iniguez, of the offense of delivery of at least 400 grams of cocaine, and the trial court assessed punishment at 25–years confinement and a $50,000 fine.

Officer Linda Kay Williams, of the Harris County Sheriff's Department, testified that on November 5, 1990, appellant approached her at a restaurant and asked if she was "working," i.e., selling or buying cocaine. Williams told appellant that she was "working." Williams testified that she told appellant that she had two friends who might, along with her, be willing to purchase cocaine from appellant. Williams testified that she and appellant ultimately negotiated for the purchase of three and one-half kilograms of cocaine in exchange for $66,000. Williams and appellant exchanged beeper numbers, and appellant asked Williams to call him later that night so they could arrange a large drug transaction.

Williams contacted appellant later that night to discuss the purchase of three and one-half kilograms of cocaine for $66,000. Appellant told Williams that he would add an extra kilogram to show his good faith. Williams and appellant decided to conduct the transaction at a Pappas Seafood Restaurant the following day. Appellant told Williams that he wanted to meet her two partners.

Williams, along with Officer S.J. Garvey and another officer, arrived at the restaurant the next day. Appellant and his brother arrived a short time later. After the five of them sat down at a table, appellant immediately stood up, and, in reference to Garvey, said that he would not deal with "the white guy." Appellant told Williams that he would contact her later. Appellant later beeped Williams at the restaurant, and Williams telephoned appellant. Appellant told Williams that "the white guy" made him nervous, but that he was willing to conduct the transaction with Williams and the other officer. Appellant told Williams to meet him at another location, and that he would beep her later.

Appellant beeped Williams again at the restaurant, and Williams telephoned appellant. Appellant told Williams to meet him at a convenience store to discuss the drug transaction. Williams testified that appellant told her not to bring "the white guy."

Williams met appellant and his brother at the convenience store. Appellant said that he would conduct the transaction with Williams and the other officer, but that it would take an hour to an hour and a half to get the cocaine. Appellant told Williams that he would beep her when he was ready to conduct the transaction.

Appellant beeped Williams the next day, and Williams telephoned appellant. Appellant said that he was ready to conduct the transaction, and told Williams to meet him at a particular service station. Appellant agreed to allow Garvey to be at the service station, but did not wish to deal with the "white guy." When the officers arrived at the service station, appellant was already there. Williams walked over to appellant and asked if he wanted to see the money. Appellant said no, and told Williams that he would take her to look at the cocaine. Williams told the other officers, including Garvey, that she was going to look at the cocaine. Appellant drove Williams to his brother's car, which was parked in a mall parking lot.

Appellant's brother was sitting in the driver's side seat of his car, so Williams left appellant's car and got into the passenger seat of the other car. Appellant told Williams to "check the dope." Appellant's brother dumped four packages out of a brown paper sack. Appellant's brother cut a slit in the middle of the three largest packages to allow Williams to determine if the packages contained cocaine. Appellant told Williams that the cocaine was good. Once Williams determined that the packages appeared to contain cocaine, she made a bust alert on her beeper. After Williams tested the contents of the packages, appellant said, "Let's go get the money." The arrest team arrived at the same time that Williams left the car and walked toward appellant's car to get the money.

After appellant was arrested, Williams discovered that the three largest packages had only a small amount of cocaine in the middle of the package. Most of the substance in the three largest packages, and all of the substance in the fourth package was not cocaine. Charles A. Moore, a chemist with the Harris County Medical Examiner's Office, testified that he received five bags from Williams. The four largest bags contained a rice and flour mixture. The smaller bag contained 26.45 grams of 67 percent pure cocaine. All of the substances together weighed over 4,016.6 grams.

In his first point of error, appellant asserts that the trial court committed reversible error in overruling his objection to the application portion of the jury charge, which failed to apply the law that proof of an offer to sell must be corroborated to the facts of the case.

Proof of an offer to sell must be corroborated by a person other than the offeree or by evidence other than a statement of the offeree. TEX. HEALTH & SAFETY CODE ANN. § 481.183(a) (Vernon Pamph.1992). Therefore, the jury had to find that Williams' testimony concerning appellant's offer to sell her three and one-half kilograms of cocaine was corroborated by testimony of another person or by the evidence in order to find appellant guilty of delivery by offer

to sell of at least 400 grams of cocaine. *Garber v. State,* 671 S.W.2d 94, 98 (Tex. App.—El Paso 1984, no pet.)

■ When considering alleged jury charge error, we will consider the charge as a whole rather than as a series of isolated statements. *Holley v. State,* 766 S.W.2d 254, 256 (Tex.Crim.App.1989). The application paragraph of the jury charge reflected:

> Now, if you find from the evidence beyond a reasonable doubt that in Harris County, Texas, on or about the 7th day of November, 1990, the defendant, Romulo Iniguez, did then and there unlawfully, intentionally or knowingly deliver by offering to sell to L.K. Williams a controlled substance, namely, cocaine, weighing by aggregate weight, including any adulterants or dilutants, at least 400 grams, then you will find the defendant guilty as charged in the indictment.

In the definitional portion of the jury charge, the following appeared under the definition of "delivery":

> "Delivery" means an offer to sell a controlled substance. Proof of an offer to sell must be corroborated by a person other than the offeree or by evidence other than a statement of the offeree.

Therefore, the question we are presented with is whether the portion of the charge quoted here was sufficient, when read in conjunction with the charge's application paragraph, to require that the jury find that Williams' testimony regarding the offer to sell was corroborated before convicting appellant of delivery by offer to sell of at least 400 grams of cocaine.

Here, the jury was informed that to find appellant guilty, they must find that appellant unlawfully, intentionally, or knowingly delivered by offering to sell to L.K. Williams a controlled substance, namely, cocaine, weighing by aggregate weight, including any adulterants or dilutants, at least 400 grams. Further, the charge informed the jury that "proof of an offer to sell must be corroborated by a person other than the offeree or by evidence other than a statement of the offeree." Therefore, the application paragraph properly in-

formed the jury under what circumstances they could convict. *Holley*, 766 S.W.2d at 256; *Turner v. State*, 805 S.W.2d 423 430–31 (Tex.Crim.App.1991).

We hold that the trial court did not err in overruling appellant's objection to the application portion of the jury charge. Appellant's first point of error is overruled.

■ In his second point of error, appellant contends that the trial court committed reversible error in overruling his motion to quash the indictment because appellant's conduct in offering to sell and actually delivering three and one-half kilograms of rice and flour constituted the more specific offense of delivery of a simulated substance, with which appellant should have been charged.

This is not a case where appellant asserts that the indictment should have been dismissed because it did not state an offense or because it omitted an element of the offense. This is also not a case where appellant contends that the indictment did not give proper notice of the offense. Here, appellant contends that the indictment should have been dismissed because the evidence adduced at trial showed that appellant should have been charged in the indictment with delivery of a controlled substance instead of the offense of delivery of at least 400 grams of cocaine.

We hold that the trial court did not err in denying appellant's motion to quash the indictment because an accused may not challenge the sufficiency of the evidence to support a particular charged offense by moving to dismiss the underlying indictment. *State v. Brock*, 788 S.W.2d 920, 921–22 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd).

Appellant's second point of error is overruled.

In his third point of error, appellant asserts that the evidence was insufficient to support his conviction for delivery of a controlled substance by offer to sell because his conduct in offering to sell and actually delivering three and one-half kilograms of rice and flour shows that appellant intended to sell a simulated controlled substance.

■ In reviewing the sufficiency of the evidence, this Court must view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318, 99 S.Ct. 2781, 2788, 61 L.Ed.2d 560 (1979).

■ As appellant acknowledges in his brief, the Texas Court of Criminal Appeals has held that the offense of delivery by offer to sell is complete by the mere utterance of the words or deeds constituting the offer, regardless of whether a transfer takes place or whether the substance transferred is an actual controlled substance or not. *Stewart v. State*, 718 S.W.2d 286, 288 (Tex.Crim.App.1986). Officer Williams testified that appellant offered to sell her three and one-half kilograms of cocaine. The jury apparently believed Williams' testimony and found that appellant did deliver at least 400 grams of cocaine by offering to sell three and one-half kilograms of cocaine to Williams. The evidence of the offer to sell is not insufficient because appellant actually transferred less than 28 grams of cocaine. *Id.* Therefore, we hold that a rational trier of fact could have found that appellant offered to sell Williams at least 400 grams of cocaine.

Appellant's third point of error is overruled.

■ In his fourth point of error, appellant asserts that the evidence was insufficient to support his conviction for delivery of a controlled substance by offer to sell because there was no corroborating evidence of the alleged offer to sell. In his fifth point of error, appellant contends that the evidence was insufficient to support his conviction for delivery of a controlled substance by offer to sell because there was insufficient evidence corroborating the alleged offer to sell.

Section 481.183 of the Texas Health and Safety Code provides:

(a) For the purpose of establishing delivery of a controlled substance, counterfeit substance, or drug paraphernalia, proof of an offer to sell must be corroborated by a person other than the offeree or by evidence other than a statement of the offeree.

TEX. HEALTH & SAFETY CODE ANN. § 481.-183(a) (Vernon Pamph.1992).

The application paragraph of the jury charge reflected:

Now, if you find from the evidence beyond a reasonable doubt that in Harris County, Texas, on or about the 7th day of November, 1990, the defendant, Romulo Iniguez, did then and there unlawfully, intentionally or knowingly deliver by offering to sell to L.K. Williams a controlled substance, namely, cocaine, weighing by aggregate weight, including any adulterants or dilutants, at least 400 grams, then you will find the defendant guilty as charged in the indictment.

In the definition portion of the jury charge, the following appeared under the definition of "delivery":

"Delivery" means an offer to sell a controlled substance. Proof of an offer to sell must be corroborated by a person other than the offeree or by evidence other than a statement of the offeree.

Because the packages appellant allegedly offered to sell to Williams did not contain more than 400 grams of cocaine, and because no one other than Williams (who was the offeree) heard the offer to sell, appellant contends there was no corroboration of the offer. The State counters with the contention that the statutory requirement of corroboration was met because: 1) Officer Garvey acted as a "money man" in the drug transaction; and 2) the packages of rice and flour mixture and the small amount of cocaine corroborated the offer to sell at least 400 grams of cocaine.

The State asserts that because Officer Garvey acted as an investor or "money man" in the drug transaction, his testimony corroborates the testimony of Williams that appellant offered to sell her at least 400 grams of cocaine. The State relies upon *Pena v. State*, 776 S.W.2d 746 (Tex.App.—

Corpus Christi 1989, pet. ref'd), to support its contention. The State argues that because the court in *Pena* found that an officer's testimony to the effect that he acted as a "money man" corroborated the offer to sell a controlled substance, we must find that Garvey's testimony that he acted as an investor in this drug transaction corroborates Williams testimony that appellant offered to sell at least 400 grams of cocaine. We disagree.

In *Pena*, the court found that the appellant's offer was corroborated by: 1) the appellant's actual possession and attempted delivery of marihuana *in an amount approximately equal to the amount the appellant offered to sell an undercover officer*, and 2) an undercover officer's testimony (who was not the offeree) that he was the "money man" *and that the appellant told him that he had " 'forty-four pounds of good quality smoke and that there were 25 still remaining at the house.' " Id.* at 749 (emphasis added). Here, Garvey testified that he was an investor in the drug transaction; he did not testify, as did the undercover officer in *Pena*, that appellant said anything to him about the drug transaction. To the contrary, appellant refused to talk to Garvey about the drug transaction. Garvey testified that he did not hear any of the conversations Williams had with appellant, whether at the restaurant, the convenience store, the service station, or the mall parking lot. Therefore, Garvey was unable to corroborate Williams' testimony that appellant offered to sell her three and one-half kilos of cocaine.

■ The State next asserts that the four packages of rice and flour mixture and the small bag of cocaine corroborate appellant's offer to sell at least 400 grams of cocaine. Appellant was charged with delivery by offering to sell at least 400 grams of cocaine, including any adulterants and dilutants. Therefore, the evidence presented by the State must corroborate Williams' testimony and the jury charge that appellant offered to sell at least 400 grams of cocaine, including any adulterants and dilutants. Appellant asserts that the State

produced evidence of only 26.45 grams of cocaine, so that this evidence could not corroborate an offer to sell at least 400 grams of cocaine. The State argues that although the total amount of cocaine admitted into evidence was only 26.45 grams, the rice and flour mixture brought the total weight of the substances admitted into evidence over 400 grams, and therefore corroborated Williams' testimony that appellant offered to sell her at least 400 grams of cocaine. We agree.

The State relies upon *Garber v. State*, 671 S.W.2d 94 (Tex.App.—El Paso 1984, no pet.), and *Vivanco v. State*, 825 S.W.2d 187 (Tex.App.—Houston [14th Dist.] 1992, pet. ref'd), in contending that because the State proved appellant possessed the actual drug he was charged with delivering at the time and place agreed upon is sufficient corroboration of appellant's offer to sell. We agree.

In *Garber*, the court held that to serve as corroboration of an offer to sell, the type and quantity of drugs present should be consistent with the terms of the offer testified to by the offeree. 671 S.W.2d at 98. There, the type and quantity of the drugs present was consistent with the terms of the offer testified to by the offeree. *Id.* In *Vivanco*, the appellant was convicted of delivery by offer to sell at least 400 grams of cocaine. 825 S.W.2d at 188. On appeal, the court held that the testimony of the offeree, Officer Diaz, and the testimony of Officer Schulte, when taken together with the four different meetings between the officers and the appellant, provided sufficient corroborating evidence of the offer to sell. *Id.* at 192. The court held that the delivery of some drugs also served to corroborate the offer. *Id.*

Here, the type of drug present was consistent with the offer testified to by Williams. As in *Vivanco*, appellant delivered cocaine, rice, and flour that weighed approximately the same as the offer testified to by Williams, i.e., three and one-half kilograms. *See* 825 S.W.2d at 192. Viewing the circumstances surrounding the offer, we hold that there was sufficient evidence for the jury to find that the offer

was actually made. The testimony of Williams and Garvey, taken together with the four meetings between Williams and appellant, and the delivery of some cocaine is sufficient corroborating evidence of appellant's offer to sell three and one-half kilograms of cocaine. *See id.*

Appellant asserts that we should follow *Douglas v. State*, 688 S.W.2d 687, 688–89 (Tex.App.—Texarkana 1985, pet. ref'd), and find that the evidence was insufficient to corroborate the offer to sell. In *Douglas*, the court held that possession of the actual drug at the time and place agreed upon was some corroboration that the defendant had made an offer of sale. *Id.* at 688. However, the court found that because the evidence showed that the appellant had possessed fake drugs only, the evidence corroborated that the appellant intended to only defraud the undercover officers, and it was not corroboration of an offer to sell drugs. *Id.*

We find this case distinguishable from *Douglas*. Here, appellant did possess the actual drug at the time and place agreed upon. In *Douglas*, the appellant did not possess *any* drugs. *Id.* Here, appellant possessed 26.45 grams of cocaine. In this case, the amount of the total substances was approximately the same amount that appellant had offered to sell Williams (appellant actually delivered 4,016.6 grams of rice, flour, and cocaine; the amount he offered to sell Williams was 4000 grams). All of this evidence is sufficient corroboration of the offer to sell.

Appellant's fourth and fifth points of error are overruled.

In his sixth point of error, appellant asserts that the trial court committed reversible error in overruling his objection to the jury charge because it failed to charge on the lesser included offense of possession of a controlled substance weighing less than 28 grams.

■ To be entitled to a charge on a lesser included offense, two requirements must be met: 1) the lesser included offense must be included within the proof necessary to establish the offense charged; and 2) there must be some evidence in the

record that if the defendant is guilty, he is guilty only of the lesser offense. *Kinnamon v. State*, 791 S.W.2d 84, 96 (Tex.Crim. App.1990).

■ We hold that the trial court did not err in overruling appellant's objection to the jury charge. As discussed under appellant's third point of error, the State is not required to prove that appellant possessed cocaine to establish that appellant offered to sell Williams at least 400 grams of cocaine. The State could have proven that appellant offered to sell three and one-half kilograms of cocaine without proving that appellant possessed cocaine. *Stewart*, 718 S.W.2d at 288.

Appellant's sixth point of error is overruled.

■ In his seventh point of error, appellant contends that the trial court committed reversible error in overruling his objection to the jury charge because it failed to charge on the lesser included offense of delivery of a controlled substance weighing less than 28 grams.

As noted above, to be entitled to a charge on a lesser included offense, two requirements must be met: 1) the lesser included offense must be included within the proof necessary to establish the offense charged; and 2) there must be some evidence in the record that if the defendant is guilty, he is guilty only of the lesser offense. *Kinnamon*, 791 S.W.2d at 96.

We hold that the trial court did not err in overruling appellant's objection to the jury charge. In a case of delivery by actual or constructive transfer, proof of delivery of less than 28 grams of cocaine would be included within the proof necessary to establish that appellant delivered at least 400 grams of cocaine. However, in a case of delivery by offer to sell, proof of an offer to sell less than 28 grams of cocaine would not be included within the proof necessary to establish that appellant offered to sell three and one-half kilograms of cocaine. An offer to sell less than 28 grams of cocaine is a completely different offer than an offer to sell three and one-half kilograms of cocaine. The record reflects that either appellant made an offer to sell three and one-half kilograms of cocaine or he made no offer at all. This means that appellant has failed to meet not only the first prong of the test set out in *Kinnamon*, he has also failed to meet the second prong of the test because he is either guilty of offering to sell three and one-half kilograms of cocaine or he is guilty of no offense at all. *See Kinnamon*, 791 S.W.2d at 96.

Appellant's seventh point of error is overruled.

■ In his eighth point of error, appellant asserts that the trial court committed reversible error in denying his request for a mistrial after the prosecutor made an impermissible comment, during closing argument, on the exercise of appellant's constitutional right to a jury trial.

The following occurred during the prosecutor's closing argument:

THE PROSECUTOR: May it please the court, members of the jury. First of all, I want to thank you for your time and attention in this case. It was obvious to me, and I think everybody in the courtroom, that you listened carefully to the State's witnesses as they testified, and I thank you for it.

The second thing that I want to mention is that the reason that we're here is the defendant has a right to a trial. He has the right to be brought down—

DEFENSE COUNSEL: Objection your Honor, to the State implying that the only reason that we're here is the exercise of his constitutional right, your Honor. We would object to it, your Honor.

THE COURT: I'll sustain the objection.

DEFENSE COUNSEL: We request an instruction to the jury to disregard that improper argument on the part of the State.

THE COURT: Jury, disregard the statement and not consider it for any purpose.

DEFENSE COUNSEL: Request a mistrial.

THE COURT: Overruled.

THE PROSECUTOR: He has a right to cross-examine the witnesses and confront the witnesses in public against him.

Jury argument must fall within one of the following general areas to be proper: 1) summation of the evidence; 2) reasonable deductions from the evidence; 3) answers to the argument of opposing counsel; and 4) pleas for law enforcement. *Albiar v. State,* 739 S.W.2d 360, 362 (Tex.Crim. App.1987).

 Any error from improper jury argument is ordinarily cured when the trial court instructs the jury to disregard the improper jury argument, unless the statements are so inflammatory that their prejudicial effect cannot reasonably be removed by such an instruction. *Andujo v. State,* 755 S.W.2d 138, 144 (Tex.Crim.App.1988).

 Although the prosecutor's statement during closing argument does not fall within one of the four permissible areas of jury argument, we hold that the trial court's instruction to disregard the improper jury argument cured the error. The statement did not so inflame the jury that the instruction to disregard could not have cured the prejudicial effect of the error. The prosecutor's statement did not encourage the jury to find appellant guilty based on his exercise of his constitutional right to a jury trial. The prejudicial effect of the introductory statement, which had no relevance to any material issue in the case, was cured by the instruction to disregard. *See Andujo,* 755 S.W.2d at 144; *Gardner v. State,* 730 S.W.2d 675, 696 (Tex.Crim.App. 1987).

Appellant's eighth point of error is overruled.

 In his ninth point of error, appellant contends that the trial court committed reversible error in denying his request for a mistrial after the prosecutor made an impermissible statement, during closing argument, because it constituted improper bolstering of the credibility of one of the State's witnesses.

The following occurred during the prosecutor's closing jury argument:

THE PROSECUTOR: Certainly you believe her testimony. The other officer, being very honest—I mean, he's an honest witness. He doesn't tell you—

DEFENSE COUNSEL: Objection your Honor, to the assistant district attorney's own personal characterization of the State's witness being honest. It's bolstering.

THE PROSECUTOR: I didn't say it was my own characterization, Judge. I'm just speaking.

THE COURT: Stay within the record.

DEFENSE COUNSEL: Is that objection overruled, your Honor?

THE COURT: I told him to stay within the record. It's sustained.

DEFENSE COUNSEL: Sustained? Request an instruction for the jury to disregard.

THE COURT: All right. The jury disregard the statement. Do not consider it for any purpose.

DEFENSE COUNSEL: Request a mistrial.

THE COURT: Overruled.

THE PROSECUTOR: I think you can see from the evidence that the officer was being honest. Why? Because look at what he told you and what he didn't tell you. And if wanted to make a case and just get this guy and, hey, you know, we want to make big cases, and that's all we care about, he could have said, "Well, listen. I was hanging out the window, and I heard everything. They weren't eight feet away. They were only six feet away, I could hear it." But he didn't tell you that because it's not true.

Appellant asserts that the prosecutor's statement that officer Garvey was honest constituted improper bolstering of Garvey's testimony and did not fall within one of the four areas of permissible jury argument. We need not decide if the prosecutor's statement constituted improper jury argument because we hold that the trial court's instruction to disregard cured the error, if any. The statement did not so inflame the jury that the instruction to disregard could not have cured the prejudicial effect of the error. After defense counsel's objection,

the prosecutor asked the jury to look at the evidence to determine that Garvey was being honest. He did not ask the jury to believe his own personal opinion regarding Garvey's truthfulness.

Appellant's ninth point of error is overruled.

The judgment is affirmed.