**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00196-CR**
_____

**MAION LEE KING JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 1A District Court**
**Jasper County, Texas**
**Trial Cause No. 12671JD**

**MEMORANDUM OPINION**

Appellant Maion Lee King Jr. appeals his conviction for continuous sexual abuse of a child younger than fourteen years of age. In three issues, King contends that the evidence is legally insufficient to support his conviction and that that the trial court's failure to properly instruct the jury during guilt-innocence and punishment denied him a fair and impartial trial. We affirm the trial court's judgment.

1

PROCEDURAL BACKGROUND

A grand jury indicted King for continuous sexual abuse of A.C., a child under the age of fourteen. *See* Tex. Penal Code Ann. § 21.02 (West 2019). The indictment alleged that King

> did then and there, during a period that was 30 or more days in duration, to-wit: from on or about December 27, 2014 and continuing through October 25, 2015, when the defendant was 17 years of age or older, commit two or more acts of sexual abuse against a child younger than 14 years of age, namely, committed sexual assault of A.C. (pseudonym) by causing the penetration of the child's sexual organ by the defendant's finger; committed indecency with a child by engaging in sexual contact with A.C. by touching the genitals of A.C. and causing A.C. to touch the genitals of the defendant; and committed sexual assault of a child by causing the penetration of the sexual organ of A.C. by the defendant's sexual organ[.]

During the guilt-innocence phase, the trial court instructed the jury on the lesser included offenses of aggravated sexual assault of a child and indecency with a child by sexual contact, and defense counsel did not object to the court's charge. Defense counsel also did not object to the trial court's charge during the punishment phase. The jury found King guilty of continuous sexual abuse of a child under the age of fourteen and assessed punishment at seventy-five years of confinement.

ANALYSIS

In issue one, King argues that the evidence is legally insufficient to support his conviction. According to King, the evidence regarding the prior sexual acts

2

lacked detail and was too weak to support the verdict, and the State failed to prove that the offense occurred within Jasper County, Texas.

A person commits the offense of continuous sexual abuse of a child if, during a period of thirty or more days in duration, that person commits two or more acts of sexual abuse against a child younger than fourteen years of age. Tex. Penal Code Ann. § 21.02(b). The actor must be seventeen years of age or older when each act of sexual abuse is committed. *Id.* § 21.02(b)(2). Section 21.02(c) defines an "act of sexual abuse" as an act that violates one or more specified penal laws, including the offenses of indecency with a child and aggravated sexual assault of a child. *Id.* § 21.02(c). A person commits the offense of indecency with a child if the person engages in sexual contact with a child younger than seventeen years of age or causes the child to engage in sexual contact. *Id.* § 21.11(a)(1) (West 2019). A person commits the offense of aggravated sexual assault of a child if the person intentionally or knowingly causes the penetration of the anus or sexual organ of a child by any means and the victim is younger than fourteen years of age. *Id.* § 22.021(a)(1)(B)(i), (a)(2)(B) (West 2019). The State need not prove the exact dates of the abuse, only that "there were two or more acts of sexual abuse that occurred during a period that was thirty or more days in duration." *Brown v. State*, 381 S.W.3d 565, 574 (Tex. App.—Eastland 2012, no pet.); *Lane v. State*, 357 S.W.3d 770, 773-74 (Tex. App.—

3

Houston [14th Dist.] 2011, pet. ref'd). The location where the sexual abuse occurred is not an element of the offense, and the Legislature did not require that all elements of the offense be committed in one county. *Meraz v. State*, 415 S.W.3d 502, 505 (Tex. App.—San Antonio 2013, pet. ref'd).

In evaluating the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 902 n.19 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). The jury is the ultimate authority on the credibility of witnesses and the weight to be given to their testimony. *Penagraph v. State*, 623 S.W.2d 341, 343 (Tex. Crim. App. 1981). A reviewing court must give full deference to the jury's responsibility to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Hooper*, 214 S.W.3d at 13. If the record contains conflicting inferences, we must presume that the jury resolved such facts in favor of the verdict and defer to that resolution. *Brooks*, 323 S.W.3d at 899 n.13; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). In addition, we determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light

most favorable to the verdict. *Clayton*, 235 S.W.3d at 778. The testimony of a child victim, standing alone and without corroboration, is sufficient to support a conviction for aggravated sexual assault of a child. *See* Tex. Code Crim. Proc. Ann. art. 38.07(b)(1) (West Supp. 2018) (providing that a child's testimony alone is sufficient to support a conviction for aggravated sexual assault when the child is under the age of seventeen at the time of the alleged offense); *Tear v. State*, 74 S.W.3d 555, 560 (Tex. App.—Dallas 2002, pet. ref'd).

A.C., who was ten years old when the abuse started and fourteen at the time of trial, testified that when she was in fifth grade, King touched her vagina, and when she was between fifth and sixth grade, King put his finger in her vagina. According to A.C., King had put his finger in her vagina more than sixty times. A.C. testified that when she about eleven, King put his penis in her vagina on more than one occasion. A.C. explained that King had also tried to get her to touch his penis. A.C. testified that the abuse occurred at her grandmother's home in Evadale. A.C. testified that when she went to her grandmother's home on October 24, 2015, it had been a couple of months since she had spent the night, and King put his finger in her vagina. A.C. explained that she texted her mother and told her about the incident, and when A.C. showed her grandmother the text, her grandmother told A.C. to change her panties. According to A.C., King claimed that he thought he was having a dream.

5

A.C. testified that her mother picked her up from her grandmother's home and took her to the hospital where she was examined.

A.C.'s grandmother ("Grandmother") testified that the night A.C.'s mother took A.C. to the hospital, King told her that he could have done something to A.C., and that they should take A.C. to the hospital. Grandmother testified that she gave A.C.'s panties and shorts to the police. Cal Morgan, an investigator with the Jasper County Sheriff's Office, testified that he went to King's home in Evadale the night the alleged incident occurred and collected A.C.'s panties from a hamper in the dining room.

King testified in his defense and denied that he had sexually abused A.C. King admitted that he told Investigator Morgan that A.C. was beside him in the bed when he had an explicit dream and became aroused, and that when he got up the inside of his shorts were wet, and he asked A.C. if he had touched her inappropriately because he was "wondering" and did not know what had happened. According to King, after A.C. told him that he did not touch her inappropriately, he was relieved, and King maintained that he had not done anything to A.C. King denied that he told Investigator Morgan that "I guess I touched my granddaughter. I don't know how." However, King recalled saying that if he had done something, he wanted to know

6

what he did. King testified that it was terrifying not knowing what he had done, but he claimed that the DNA evidence had proved to him that he did not touch A.C.

A.C.'s mother ("Mother") testified that when A.C. was seven or eight, she started spending the night at Grandmother's home in Evadale, and Grandmother was married to King. Mother explained that the overnight visits occurred monthly and continued into 2015. Mother testified that when A.C. texted her on the night of October 24, 2015, she knew something had happened and she immediately went to Grandmother's home. Mother testified that King told her that he was dreaming and that he did not know what he had done to A.C., and that Mother might want to get A.C. checked out. Mother explained that she took A.C. directly to the hospital.

The trial court admitted into evidence the medical records of the sexual assault nurse examiner (SANE) who examined A.C.; A.C.'s clothes, including the shorts and panties that were found at Grandmother's home; and King's buccal swabs. Brenda Garison, the SANE nurse who examined A.C., testified that on October 25, 2015, she performed a sexual assault exam on A.C., who was eleven years old, and Garison prepared a report in which she indicated that she did not find any trauma in A.C.'s vaginal area. Garison explained that the chance of finding trauma on an eleven-year-old is slim because the tissue surrounding the vaginal opening is very stretchy and has a lot of elasticity, especially if the incident involved touching.

According to Garison, when A.C. described the incident, she did not describe any digital or penile penetration. Garison testified that A.C. reported that she fell asleep beside her grandpa, and that when A.C. woke up her bottoms were off, her shirt was pulled up, and she was hurting down there.

Jessica Lake, a forensic scientist with the Department of Public Safety Crime Lab, testified that she screened items related to the case for biological evidence, including A.C.'s panties and shorts that were found at the scene, and prepared two reports. Lake explained that she collected trace evidence for DNA analysis. Kathleen McKinney, a forensic scientist in the DNA section of the Department of Public Safety Crime Lab, testified that she analyzed the DNA extracts and prepared two DNA Lab Reports. McKinney testified that when she analyzed the DNA extract from the swab of the inside of A.C.'s panties that were recovered at the scene, she found that the DNA profile contained a mixture of two individuals, and King could not be excluded as a possible contributor. McKinney explained that she also performed a forensic Y-STR DNA analysis, which uses a more sophisticated chemistry kit for looking at the male chromosome, and the results showed that King could not be excluded as a contributor of the male DNA profile found in the DNA extracts from A.C.'s vaginal and labia swabs, as well as the swab from the crotch of A.C.'s panties recovered from the scene.

8

Viewing the evidence in the light most favorable to the verdict and deferring to the jury's authority regarding the credibility of witnesses and the weight to give their testimony, we conclude that a reasonable factfinder could have found the essential elements of the offense beyond a reasonable doubt. *See* Tex. Code Crim. Proc. Ann. art. 38.07(b)(1); *Brooks*, 323 S.W.3d at 902 n.19; *Clayton*, 235 S.W.3d at 778; *Hooper*, 214 S.W.3d at 13; *Penagraph*, 623 S.W.2d at 343; *Tear*, 74 S.W.3d at 560. Accordingly, we overrule issue one.

In issues two and three, King complains that he was denied a fair and impartial trial because the trial court failed to properly instruct the jury during the guilt-innocence and punishment phases of the trial. The record shows that defense counsel did not object to either charge at trial.

When reviewing alleged charge error, we determine whether error existed in the charge and, if so, whether sufficient harm resulted from the error to compel reversal. *Ngo v. State*, 175 S.W.3d 738, 744 (Tex. Crim. App. 2005). If no error occurred, our analysis ends. *See Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). If the defendant does not object to the alleged charge error at trial, we may reverse the judgment only if the error is so egregious that the defendant did not receive a fair and impartial trial. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g); *see also Herron v. State*, 86 S.W.3d 621, 632 (Tex. Crim.

9

App. 2002). In assessing the degree of harm, we must consider the entire jury charge, the state of the evidence, the argument of counsel, and any other relevant information revealed by the record. *Almanza*, 686 S.W.2d at 171. We must examine the charge in its entirety rather than a series of isolated statements. *Holley v. State*, 766 S.W.2d 254, 256 (Tex. Crim. App. 1989); *Iniguez v. State*, 835 S.W.2d 167, 170 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd). "Egregious harm is a difficult standard to prove and such a determination must be done on a case-by-case basis." *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996).

In issue two, King argues that the trial court's application paragraph failed to make any application of the facts to the elements of the lesser included offense of indecency with a child by sexual contact, hindering the jury's ability to properly consider the lesser included offense. The State maintains that the application paragraph for the greater charge of continuous sexual abuse of a child, which King does not complain about on appeal, applies to the lesser included offenses.

The trial court must instruct the jury on the law applicable to the case. Tex. Code Crim. Proc. Ann. art. 36.14 (West 2007). In addition to setting forth the applicable law, the trial judge must apply the law to the facts presented. *Gray v. State*, 152 S.W.3d 125, 127 (Tex. Crim. App. 2004). A jury charge which fails to apply the law to the facts adduced at trial is erroneous. *Id*. at 128. It is not sufficient

10

for the jury to receive an abstract instruction on the law because "[a]n abstract charge does not inform the jury of what facts, if found by it, would permit the jury's consideration of the contested evidence." *Hutch*, 922 S.W.2d at 172-73. The application paragraph is the "'heart and soul'" of the jury charge because it specifies the factual circumstances under which the jury should convict or acquit. *Vasquez v. State*, 389 S.W.3d 361, 366 (Tex. Crim. App. 2012).

Assuming without deciding that there was error in the jury charge, we cannot conclude that King was egregiously harmed by the alleged error in the application paragraphs of the charge. *See Almanza*, 686 S.W.2d at 171. In assessing the degree of harm, we must consider the entire jury charge, the state of the evidence, the argument of counsel, and any other relevant information revealed by the record. *Almanza*, 686 S.W.2d at 171. As discussed above in our analysis of the legal sufficiency of the evidence, when viewing the totality of the evidence in the light most favorable to the verdict, the jury could have reasonably concluded that King committed at least two acts of sexual abuse between December 27, 2014, and October 25, 2015. Because the weight of the probative evidence is substantial, we conclude the state of the evidence weighs heavily against finding that the alleged charge error denied King a fair and impartial trial.

11

We now examine the entirety of the jury charge. *See id.* As previously discussed, we review the jury charge as a whole. *Holley*, 766 S.W.2d at 256; *Iniguez*, 835 S.W.2d at 170. The offense of continuous sexual abuse of a child requires (1) two or more acts of sexual abuse (2) during a period of thirty or more days (3) by a defendant who was at least seventeen years of age and (4) committed against a victim who is younger than fourteen years of age. Tex. Penal Code Ann. § 21.02(b). The abstract potion of the charge recites that King was alleged to have committed continuous sexual abuse of a child by committing sexual assault of A.C. by causing the penetration of the child's sexual organ by the defendant's finger; committed indecency with a child by engaging in sexual contact with A.C. by touching the genitals of A.C. and causing A.C. to touch the genitals of the defendant; and committed sexual assault of a child by causing the penetration of the sexual organ of A.C. by the defendant's sexual organ.

The application portion of the charge instructs the jury that it must decide whether the State has proven, beyond a reasonable doubt, four elements, and the charge lists the four elements. The first element that the State has to prove is that "the defendant, in Jasper County, Texas, during a period between on or about December 27, 2014[,] and on or about October 25, 2015, committed two or more of the following acts of sexual abuse[.]" The second element that the State has to prove

12

is that "these acts were committed during a period that was 30 or more days in duration[.]" The third element is that "at the time of commission of each of the acts of sexual abuse the defendant was 17 years or older;" and the fourth element is "at the time of commission of each of the acts of sexual abuse the victim was a child younger than 14 years old."

The charge instructs the jury about the three alleged acts of sexual abuse. The charge states that the first alleged act of sexual abuse is that "the defendant committed the offense of sexual assault by causing the penetration of a child's sexual organ by the defendant's finger." The charge instructs the jury that sexual assault is an act of sexual abuse if the State proves, beyond a reasonable doubt, that the defendant intentionally or knowingly caused the penetration of the sexual organ of another person by the defendant's finger and the other person was a child younger than seventeen years of age. The charge states that the second alleged act of sexual abuse is that the defendant committed the offense of indecency with a child by engaging in sexual contact with a child. The charge instructs the jury that indecency with a child by sexual contact is an act of sexual abuse if the State proves, beyond a reasonable doubt, that (1) the defendant engaged in sexual contact with another person by any touching of the anus or any part of the genitals of the person, or any touching of any part of the body of the person with the anus, breast or any part of

13

the genitals of the defendant; (2) the other person was a child younger than seventeen years of age; and (3) the defendant did this with the intent to arouse or gratify the sexual desire of any person.

The charge states that the third alleged act of sexual abuse is that "the defendant committed the offense of sexual assault of a child by causing the penetration of the sexual organ of a child less than 17 years of age by the defendant's sexual organ." The charge instructs the jury that sexual assault is an act of sexual abuse if the State proves, beyond a reasonable doubt, that the defendant intentionally or knowingly caused the penetration of the sexual organ of another person by the defendant's sexual organ and the other person was a child less than seventeen years of age.

Concerning the four elements, the charge instructs that "[i]f you all agree that the state has failed to prove, beyond a reasonable doubt, one or more of elements 1, 2, 3, and 4 listed above, you must find the defendant 'not guilty.' You may then determine whether the state has proved, beyond a reasonable doubt, the lesser included offense of aggravated sexual assault of a child." The charge then instructs the jury that "[t]o prove the defendant is guilty of aggravated sexual assault of a child, the state must prove, beyond a reasonable doubt, two elements[:]" the defendant intentionally or knowingly caused the penetration of the sexual organ of

14

another person by any means, and the other person was at the time a child younger than fourteen years of age. The charge instructs the jury that "[i]f you all agree that the state has proved, beyond a reasonable doubt, each of the two elements listed above, you must find the defendant 'guilty' of aggravated sexual assault of a child[,]" and "[i]f you all agree that the state has failed to prove, beyond a reasonable doubt, one or more of elements 1 and 2 listed above, you must finding the defendant 'not guilty[,]'" and "[y]ou may then determine whether the state has proved, beyond a reasonable doubt, the lesser included offense of indecency with a child by sexual contact."

Regarding the lesser included offense of indecency with a child by sexual contact, the charge instructs the jury that a person commits the offense if, the person, with the intent to arouse or gratify the sexual desire of any person, engages in sexual contact with a child younger than seventeen years old by either (1) any touching of the anus, breast, or any part of the genitals of the child, or (2) any touching of any part of the body of the child with the anus, breast or any part of the genitals of a person. The charge instructs the jury that "[t]o prove that the defendant is guilty of indecency with a child by sexual contact, the state must prove, beyond a reasonable doubt, three elements[:]" (1) the defendant engaged in sexual contact with another person by (2) any touching of the anus, breast, or any part of the genitals of the

15

person or touching of any part of the body of the person with the anus, breast or any part of the genitals of the defendant (3) the other person was a child younger than seventeen years of age and (4) the defendant did this with the intent to arouse or gratify the sexual desire of any person. The charge then instructs that "[i]f you all agree that the state has proved, beyond a reasonable doubt, each of the three elements listed above, you must find the defendant 'guilty' of indecency with a child by sexual contact[.]" Viewing the charge in its entirety, we conclude that it weighs against a finding that King was denied a fair and impartial trial. *See Almanza*, 686 S.W.2d at 171.

Next, we review the argument of counsel and other relevant information revealed by the record. *See id.* At the beginning of the trial, the State read the indictment to the jury, and King pleaded not guilty. As previously discussed, the indictment alleged that during a period that was thirty or more days in duration, from on or about December 27, 2014, and continuing through October 25, 2015, when King was seventeen years of age or older, King committed two or more acts of sexual abuse against A.C., a child younger than 14 years of age, namely, by committing sexual assault of a child by penetrating A.C.'s sexual organ with his finger; committing indecency with a child by engaging in sexual contact with A.C. by

16

touching A.C.'s genitals and causing A.C. to touch his genitals; and committing sexual assault of a child by penetrating A.C.'s sexual organ with his sexual organ.

During closing arguments, the prosecutor stated, "[y]ou start out considering the indictment charge," which breaks down to "two or more acts of sexual abuse in a period of 30 days or more." The prosecutor stated that the indictment alleges that one act of sexual abuse is indecency with a child, and we know "that [A.C.] was 11 when all this started[,]" and "we talk about touching here of her vagina. Whether it's on top of her clothes or panties or whether he touched the outside of her vagina, I think there's ample evidence of that." The prosecutor stated that the other act of sexual abuse is sexual assault of a child and that it could be sexual assault by his organ or his finger, "as long as that sexual assault with his finger and that indecency happened in a period of more than 30 days, I'll tell you what, he's more than 17 years old." The prosecutor argued that if "for whatever reason y'all don't find that we proved all of the elements of continuous sexual abuse of a young child beyond a reasonable doubt . . . then you have to consider did he commit aggravated sexual assault . . . by intentionally or knowingly caus[ing] the penetration of the sexual organ of a child by any means[.]" The prosecutor argued that "if we don't have aggravated, then you can consider indecency." The prosecutor argued that this case could have been prosecuted strictly based on A.C.'s testimony. During closing, the

17

defense reminded the jury that the trial judge read the entire charge and reiterated that the State had the burden to prove guilt beyond a reasonable doubt, and the citizen is presumed to be innocent.

Viewing the arguments of counsel and the reading of the indictment, we conclude that they weigh against a finding that King was denied a fair trial. *See Almanza*, 686 S.W.2d at 171. Having concluded that the state of the evidence, the totality of the charge, arguments of counsel, and other relevant information weigh against a finding that King was denied a fair trial, we overrule issue two.

In issue three, King complains that that the trial court's punishment charge failed to properly instruct the jury. According to King, the trial court failed to provide rules to limit the jury's deliberations to the evidence admitted at trial and to instruct the jury that the verdict must be unanimous and that it should not draw any adverse inference from the fact that King did not testify during punishment. According to the State, King's counsel did not cite to any law requiring the trial court to instruct the jury in the punishment charge about limiting deliberations to the evidence presented, not interjecting personal knowledge or conducting an independent investigation. The State argues that King did not request the trial court to include any additional instructions in the punishment charge, and the law only requires that the trial court give such additional written instructions as may be necessary. The State also

maintains that due to the overwhelming amount of evidence, the sentence of seventy-five years is not indicative of an unfair trial.

Article 37.07 of the Texas Code of Criminal Procedure provides that "[a]fter the introduction of such evidence has been concluded, and if the jury has the responsibility of assessing the punishment, the court shall give such additional written instructions as may be necessary and the order of procedure and the rules governing the conduct of the trial shall be the same as are applicable on the issue of guilt or innocence." Tex. Code Crim. Proc. Ann. art. 37.07 § 3(b) (West Supp. 2018).

Our review of the record shows that the punishment charge does not include any of the instructions that King complains about on appeal, and that King failed to object to the charge or request that the trial give any additional instructions. King has failed to show that the trial court was required to give the additional instruction to the jury in the punishment charge. We conclude that King has failed to show error. *See id.*

While a defendant has the right to have the jury instructed that it may not draw adverse inferences from his failure to testify during the punishment phase, he waives that right "unless either a request is made to the trial court to add the instruction to its charge at the punishment stage or an objection is made to the omission of the instruction." *De La Paz v. State*, 901 S.W.2d 571, 578 (Tex. App.—El Paso 1995,

pet. ref'd); *see Beathard v. State*, 767 S.W.2d 423, 432 (Tex. Crim. App. 1989). Because the record shows that King did not request an instruction on his failure to testify and did not object to the omission of this instruction in the charge, he has failed to show error. *See De La Paz.*, 901 S.W.2d at 578.

King also argues that the trial court's omission of a unanimous verdict instruction opened the door to a verdict that was not unanimous because the trial court's reasonable doubt instruction regarding wrongful acts indicated that the jurors could take independent actions. The Code of Criminal Procedure requires that there be jury unanimity regarding punishment. *See Sanchez v. State*, 23 S.W.3d 30, 33 (Tex. Crim. App. 2000); Tex. Code Crim. Proc. Ann. art. 37.07 § 3(c) (West Supp. 2018). Although the punishment charge did not include a unanimous verdict instruction, the record shows that when the jury returned its verdict on punishment, the trial court confirmed that the verdict was unanimous.

Assuming the trial court's omission of the unanimous verdict instruction was error, we cannot conclude that King was egregiously harmed by the omission. *See Almanza*, 686 S.W.2d at 171. Except for the missing instruction, the punishment charge as a whole was substantially correct, and the evidence as previously summarized is strong and compelling. During punishment, the jury heard testimony that King had committed other acts of sexual abuse against children. As to the

20

arguments of counsel, the State argued that the jury should consider the full range of punishment and the testimony about King's bad acts, but the State never implied that the verdict did not need to be unanimous. Based on this record, we cannot conclude that King was egregiously harmed by the omitted instruction in the punishment charge. *See Almanza*, 686 S.W.2d at 171. We overrule issue three. Having overruled each of King's issues, we affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on July 22, 2109
Opinion Delivered October 23, 2019
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

21