In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00318-CR**
_____

**NELSON MAURICIO SEGOVIA-AMAYA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 9th District Court**
**Montgomery County, Texas**
**Trial Cause No. 16-12-14898-CR**

**MEMORANDUM OPINION**

A jury convicted appellant Nelson Mauricio Segovia-Amaya of murder, and the trial judge assessed punishment at confinement for life. *See* Tex. Penal Code Ann. § 19.02. In three issues, Segovia-Amaya argues that (1) his sentence constitutes cruel and unusual punishment, and the trial court erred by denying his motion for new trial because (2) the jury was improperly instructed, and (3) the challenged instruction, which was based upon article 37.07, § 2(a) of the Texas Code of

1

Criminal Procedure, unconstitutionally shifted the burden of proof to Segovia-Amaya. We affirm the trial court's judgment.

ISSUE ONE

In his first issue, Segovia-Amaya argues that his sentence of life imprisonment constituted cruel and unusual punishment and is grossly disproportionate to the offense in violation of the U.S. and Texas constitutions. *See* U.S. Const. amend. VIII; Tex. Const. art. I, § 13. Generally, a sentence that is within the range of punishment established by the Legislature is not excessive, cruel, or unusual, and will not be disturbed on appeal. *State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016); *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). Rarely will an appellate court consider a punishment range for the offense excessive, unconstitutionally cruel, or unusual under either Texas law or the United States Constitution. *See Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App.—Dallas 1997, pet. ref'd); *see also Jackson v. State*, 989 S.W.2d 842, 846 (Tex. App.—Texarkana 1999, no pet.). An exception to this general rule is recognized when the sentence is grossly disproportionate to the offense. *Solem v. Helm*, 463 U.S. 277, 289-90 (1983). With the exception of cases involving capital punishment, successful challenges to the proportionality of particular sentences are exceedingly rare. *Id.*

In determining whether a sentence is grossly disproportionate to a particular defendant's crime, we consider (1) the severity of the sentence in light of the harm caused to the victim; (2) the defendant's culpability; and (3) the defendant's prior adjudicated and unadjudicated offenses. *Simpson*, 488 S.W.3d at 323. In the rare case in which this threshold comparison leads to an inference of gross disproportionality, we then compare the defendant's sentence with the sentences of other offenders in Texas and with the sentences imposed for the same crime in other jurisdictions. *Id.* "If this comparative analysis validates an initial judgment that the sentence is grossly disproportionate, the sentence is cruel and unusual." *Id.*

Murder is a first-degree felony offense, which carries a punishment range of confinement for life or for any term of not more than ninety-nine years or less than five years. Tex. Penal Code Ann. §§ 12.32(a), 19.02(c). In addition to imprisonment, a first-degree felony may also be punished by a fine not to exceed $10,000. *Id.* § 12.32(b). As discussed above, the trial judge assessed Segovia-Amaya's punishment at confinement for life. The trial judge did not impose a fine. Segovia-Amaya testified that he shot the victim, but he explained that the victim had a gun and had previously threatened him, and he believed the victim intended to shoot him. Segovia-Amaya testified that he fled the scene after the shooting. A forensic pathologist testified that the victim was shot seven times, and the cause of the

victim's death was multiple gunshot wounds. Evidence was also introduced in the punishment phase that Segovia-Amaya had previously been convicted of driving while intoxicated and two charges of failure to identify himself to a police officer.

Having reviewed the entire record, we cannot conclude that this is one of those rare cases that leads to the inference that the sentence imposed was cruel and unusual or grossly disproportionate to the offense. *See Solem*, 463 U.S. at 289-90; *Simpson*, 488 S.W.3d at 323; *see also Kirk*, 949 S.W.2d at 772. Accordingly, we overrule issue one.

## ISSUE TWO

In issue two, Segovia-Amaya contends the trial court erred by denying his motion for new trial because the jury was improperly charged that its sole duty was to "determine the guilt or innocence of the Defendant under the indictment[.]" Segovia-Amaya notes that article 37.07, § 2(a) of the Texas Code of Criminal Procedure requires the trial court to "submit to the jury the issue of guilt or innocence of the defendant[,]" and he notes that although both the challenged instruction and article 37.07, § 2(a) use the phrase "guilt or innocence[,]" the trial court had "no apparent reason" to have tracked the statutory language from article 37.07, § 2(a). In addition, Segovia-Amaya asserts that "[t]he argument that 'tracking' article 37.07, § 2(a) cures the error is disingenuous[,] and it disregards . . . article 37.07(b), § 1(b),

4

which specifically instructs that" if a defendant pleads not guilty, jurors must find that the defendant is either guilty or not guilty.

When reviewing alleged charge error, we determine whether error existed in the charge and, if so, whether sufficient harm resulted from the error to compel reversal. *Ngo v. State*, 175 S.W.3d 738, 744 (Tex. Crim. App. 2005). If no error occurred, our analysis ends. *See Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). If, as here, the defendant does not object to the alleged charge error at trial, we may reverse the judgment only if the error is so egregious that the defendant did not receive a fair and impartial trial. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g); *see also Herron v. State*, 86 S.W.3d 621, 632 (Tex. Crim. App. 2002). Even if alleged jury-charge error was raised in a motion for new trial, unpreserved jury-charge error does not require a new trial unless the error caused egregious harm. *Ngo*, 175 S.W.3d at 743-44; *Almanza*, 686 S.W.2d at 171. In assessing the degree of harm, we must consider the entire jury charge, the state of the evidence, the argument of counsel, and any other relevant information revealed by the record. *Almanza*, 686 S.W.2d at 171. We must examine the charge in its entirety rather than a series of isolated statements. *Holley v. State*, 766 S.W.2d 254, 256 (Tex. Crim. App. 1989); *Iniguez v. State*, 835 S.W.2d 167, 170 (Tex. App.— Houston [1st Dist.] 1992, pet. ref'd). "Egregious harm is a difficult standard to prove

5

and such a determination must be done on a case-by-case basis." *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996).

Some of our sister courts have concluded that a jury instruction like the instruction Segovia-Amaya challenges is not erroneous. *See Avila v. State*, 15 S.W.3d 568, 576-77 (Tex. App.—Houston [14th Dist.] 2000, no pet.); *Flores v. State*, 920 S.W.2d 347, 357 (Tex. App.—San Antonio 1996), *pet. dism'd, improvidently granted*, 940 S.W.2d 660 (Tex. Crim. App. 1996); *Barnes v. State*, 855 S.W.2d 173, 175 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd). The instruction is designed to draw the jury's attention to the first phase of a bifurcated criminal trial (the guilt-innocence phase) and to direct the jury away from considering other issues, including punishment. *See Barnes*, 855 S.W.2d at 175. In this case, the jury charge instructed the jury that (1) "[a]ll persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt[;]" (2) "[t]he law does not require a Defendant to prove his innocence or produce any evidence at all[;]" and (3) "[t]he prosecution has the burden of proving the Defendant guilty and it must do so by proving each and every element of the offense charged beyond a reasonable doubt[,]" and "[i]f it fails to do so, you must acquit the Defendant."

Segovia-Amaya acknowledges the holdings of our sister courts regarding the complained-of instruction, and he also argues that the pattern jury charges have "changed since 1975 and . . . the current version has replaced 'guilt or innocence' with 'Your sole duty at this point is to determine whether the defendant has been proved guilty." *See* State Bar of Texas, Texas Criminal Pattern Jury Charges— General, Evidentiary & Ancillary Instructions, § 2.1 (2015). Segovia-Amaya did not cite any authorities that require this Court to find that the trial court erred by using language that differed from the language contained in the pattern jury charge, nor are we are aware of any. *See* Tex. R. App. P. 38.1(i). The pattern jury charges are "suggestions and guides" that "have no official status." State Bar of Texas, Texas Criminal Pattern Jury Charges—General, Evidentiary & Ancillary Instructions, Introduction. "Appellate courts are unlikely to regard trial judges' refusal to use the Committee's jury instructions as reversible error." *Id*. We conclude that the trial court's instruction was not erroneous. Although we need not determine whether any harm resulted because we have found no error, we further conclude that even if the trial court's instruction were erroneous, Segovia-Amaya has not established egregious harm. Having examined the entire jury charge, the state of the evidence, the argument of counsel, and any other relevant information revealed by the record, we cannot conclude that the error was so egregious as to deny Segovia-Amaya a fair

and impartial trial. *See Almanza*, 686 S.W.2d at 171. Accordingly, we overrule issue two.

## ISSUE THREE

In issue three, Segovia-Amaya argues that the trial judge erred by denying his motion for new trial because the complained-of instruction, which was based upon article 37.07, § 2(a), unconstitutionally shifted the burden of proof to him. Specifically, Segovia-Amaya asserts that article 37.07, § 2(a) of the Texas Code of Criminal Procedure is unconstitutional as applied to him, and he maintains that the use of the statute in his case violated due process by unconstitutionally shifting the burden of proof to him. Segovia-Amaya did not make this argument during the trial, but he did make the argument in his motion for new trial.

An as-applied constitutional challenge must be raised in the trial court to preserve error. *Reynolds v. State*, 423 S.W.3d 377, 383 (Tex. Crim. App. 2014); *Flores v. State*, 245 S.W.3d 432, 437 n. 14 (Tex. Crim. App. 2008). Segovia-Amaya failed to raise an objection at trial regarding his contention that the statute operated unconstitutionally as applied to him. When reviewing a challenge to the constitutionality of a statute, we presume that the statute is valid and that the Legislature acted reasonably in enacting it. *Faust v. State*, 491 S.W.3d 733, 743-44 (Tex. Crim. App. 2015). The party challenging the constitutionality of a statute bears

the burden of establishing that the statute in question is unconstitutional as applied to him. *See Schlittler v. State*, 488 S.W.3d 306, 313 (Tex. Crim. App. 2016). To resolve an as-applied challenge requires a recourse to evidence, and the party challenging the statute must produce evidence that specifically demonstrates that the complained-of statute is unconstitutional as applied to him. *See Estes v. State*, 546 S.W.3d 691, 698 (Tex. Crim. App. 2018).

As discussed in our analysis of issue two, we concluded that the trial court's inclusion of language from article 37.07, § 2(a) of the Texas Code of Criminal Procedure was neither erroneous nor egregiously harmful. Segovia-Amaya failed to lodge an "as-applied" challenge or objection at trial, and he failed to produce evidence with his motion for new trial that specifically demonstrated that the statute operated unconstitutionally as to him or that he was denied due process. *See id*.; *Faust*, 492 S.W.3d at 743-44. As previously discussed, the trial court clearly and explicitly instructed the jury regarding the State's burden of proving the charge beyond a reasonable doubt and the presumption of Segovia-Amaya's innocence. Nothing in the record before us suggests a reasonable likelihood that the jury was confused by the complained-of instruction, and Segovia-Amaya does not point us to any such evidence. For the same reasons explained above, we reject Segovia-Amaya's argument that the inclusion of the complained-of instruction denied him

9

due process. We conclude that Segovia-Amaya did not meet his burden of specifically demonstrating that article 37.07, section 2(a) of the Texas Code of Criminal Procedure is unconstitutional as applied to him. *See Estes*, 546 S.W.3d at 698. Accordingly, we overrule issue three. Having overruled each of Segovia-Amaya's issues, we affirm the trial court's judgment.

       AFFIRMED.

_____<br>
STEVE McKEITHEN<br>
Chief Justice

Submitted on December 2, 2019
Opinion Delivered April 8, 2020
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.